**Ramon ESCOBAR et al., Petitioners,**

v.

**Rodolfo ESCOBAR et al., Respondents.**

**No. C–4755.**

Supreme Court of Texas.

April 23, 1986.

Rehearing Denied July 9, 1986.

Pat Maloney, San Antonio, Frank R. Nye, Jr., Rio Grande City, for petitioners.

Margil Sanchez, Jr., Rio Grande City, for respondents.

SPEARS, Justice.

The issue in this appeal from the granting of a nunc pro tunc judgment is whether the trial court corrected a clerical or a judicial error. The trial court granted a motion for judgment nunc pro tunc to correct the acreage of an awarded tract of land. The court of appeals reversed the judgment, holding that the trial court improperly corrected a judicial error in the judgment. 699 S.W.2d 256. We reverse the court of appeals' judgment and remand the cause to that court.

This case arose from a complex adverse possession case in which the trial court

awarded hundreds of claimants title to over 200 tracts in Starr County. The parties all agreed that the Trimble map and survey correctly reflected the tracts' perimeters and owners. The ownership of each tract was litigated individually, and over several years, separate judgments and orders of severance were rendered and entered for each tract except the tract claimed by Rodolfo Escobar, tract 38. On January 22, 1982, final judgment was entered listing all of the previously entered judgments and orders of severance on the various tracts. This judgment included tract 38.

Rodolfo Escobar claims tract 38; Ramon Escobar claims adjacent tract 34. On December 21, 1978, the presiding judge entered on his docket: "tracts 34 and 38 awarded as per the Trimble Map." The Trimble map shows 265.42 acres for tract 38 and 70 acres for tract 34. A January 16, 1979, judgment and order of severance awards tract 34 to Ramon Escobar at 72.-954 acres. The record contains no separate judgment or order of severance for tract 38.

The 1982 final judgment lists tract 34 at 72.954 acres, but lists tract 38 at 315.2 acres. Ramon Escobar filed a motion for judgment nunc pro tunc to correct tract 38's acreage to 265.42 acres as rendered on December 21, 1978. The dispute on tract 38's acreage centers around the discrepancy between the acreage listed on the Trimble map (265.42) and the acreage determined in a 1978 survey done according to the map (315.2). The judge told the 1978 surveyor to follow the fence lines indicated on the Trimble map. There are two parallel fence lines on the north end of tract 38 where it abuts tract 34. Rodolfo Escobar told the surveyor that the map reflected the northern fence line. According to these instructions, tract 38 contained 315.2 acres. The Trimble map showed 265.42 acres. The Trimble surveyor apparently used the southern fence line. Because the acreage dispute centers around the common boundary, tract 34's acreage is inversely proportional to tract 38's.

The district court, presided over by a different judge than the one who signed the 1982 judgment, granted the motion for judgment nunc pro tunc. The court removed tract 38 from the list in the 1982 judgment and found that tract 38 had previously been awarded at 265.42 acres according to the December 21, 1978 docket entry.

The court of appeals reversed, holding that the December 21, 1978 docket entry did not render judgment; therefore, the 1982 judgment was the first rendering as to tract 38. The court of appeals concluded that the trial court could not correct an incorrect rendering by judgment nunc pro tunc.

In his only point of error, Ramon Escobar asserts that the error in the 1982 judgment is a clerical error. As such, he argues that judgment nunc pro tunc is the proper corrective procedure. We agree.

After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc. In this regard, the trial court has plenary power to correct a clerical error made in *entering* final judgment. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56 (Tex.1970). However, the trial court cannot correct a judicial error made in *rendering* a final judgment. *Comet*, 450 S.W.2d at 58.

A judicial error is an error which occurs in the *rendering* as opposed to the *entering* of a judgment. *Comet*, 450 S.W.2d at 58 (Tex.1970); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); *Petroleum Equipment Financial Corp. v. First National Bank of Fort Worth*, 622 S.W.2d 152 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.). *See also Samples Exterminator v. Samples*, 640 S.W.2d 873 (Tex.1982) (definition of rendering). When deciding whether a correction is of a judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (Tex. 1912). The court can only correct the entry

of a final written judgment that incorrectly states the judgment actually rendered. Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition. *Love v. State Bank & Trust Co. of San Antonio*, 126 Tex. 591, 90 S.W.2d 819 (1935); *Shepherd v. Estate of Long*, 480 S.W.2d 51 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.).

■ The court of appeals correctly states that the decision whether an error in a judgment is judicial or clerical is a question of law. *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968). However, whether the court pronounced judgment orally and the terms of the pronouncement are questions of fact. *Wood v. Paulus*, 524 S.W.2d 749, 755 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); Reavley and Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor L. Rev. 191, 203 (1973). The judicial or clerical question becomes a question of law only after the trial court factually determines whether it previously rendered judgment and the judgment's contents.

Appellate courts may only review for no evidence and factual insufficiency of the evidence the trial court's factual determinations on whether a judgment has been rendered. The court of appeals erred by substituting its judgment for the trial court's determination that on December 21, 1978, the trial court rendered judgment on tract 38 at 265.42 acres.

■ This court can only review a fact finding to determine whether some probative evidence supports it. We find some evidence to support the trial court's finding. The judge viewed the docket entry of December 21, 1978 which stated: "tracts 34 and 38 awarded as per Trimble map." Docket entries are some evidence of a rendered judgment and its contents. *Port Huron Engine & Thrasher Co. v. McGregor*, 103 Tex. 529, 315 S.W. 398 (1910).

The district court also heard evidence on the motion nunc pro tunc which supports its decision to correct the judgment. The

attorney who tried the case for Ramon Escobar testified that the judge did render judgment on tracts 38 and 34 on December 21, 1978 as per the Trimble map. A court-appointed surveyor testified that he found tract 34 to contain 72.954 acres, the Trimble acreage plus two extra acres when measured to the center of a boundary highway. Because tract 34's acreage is inversely proportionate to tract 38's, if tract 34 is 72.954 acres, tract 38 is 265.42 acres.

The trial judge had other record evidence to support his decision. Tract 34 was awarded on January 16, 1979, in a signed final judgment, at 72.954 acres, the Trimble acreage. The January 22, 1982 final judgment also lists tract 34 at 72.954 acres.

We hold that some evidence supports the trial court's decision that on December 21, 1978 the presiding judge rendered judgment on tract 38 at 265.42 acres. Because we have no jurisdiction to review the factual sufficiency of evidence, we remand the cause to the court of appeals.