Opinion issued August 4, 2005
























In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00913-CV




MATICE ENTERPRISES, INC. , D/B/A URBAN DESIGNER KITCHENS
AND ROGER MATICE D/B/A URBAN DESIGNER KITCHENS, Appellants

V.

A. WRIGHT GIBSON, III, AND LINDA S. GIBSON, Appellees




On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 762,914



 
 
MEMORANDUM OPINION
          This appeal arises from a dispute between a contractor and a homeowner over
a home-remodeling contract. Appellant, Roger Matice d/b/a Urban Designer
Kitchens (“Roger Matice”) brought suit against appellees, A. Wright Gibson, III, and
Linda S. Gibson (“the Gibsons”), for breach of contract, quantum meruit, sworn
account, and fraud, seeking recovery of amounts due for materials and services. The
Gibsons counterclaimed for breach of contract, fraud, and violations of the Deceptive
Trade Practices Act (“DTPA”). The case was later restyled Plaintiff Matice
Enterprises, Inc. d/b/a Urban Designer Kitchens v. Defendants/Third Party Plaintiffs
A.Wright Gibson, III and Linda S. Gibson v. Third Party Defendant Roger Matice
d/b/a Urban Designer Kitchens. A jury awarded Matice Enterprises, Inc. d/b/a Urban
Designer Kitchens (“Matice Inc.”) $1,571.79 on its quantum meruit claim and
$32,500 in attorney’s fees. The Gibsons were awarded $2,000 on their DTPA claims
against Roger Matice and $45,500 in attorney’s fees. Roger Matice took nothing.
          In three issues, Matice Inc. and Roger Matice jointly contend that (1) the
evidence was legally insufficient to support any finding of liability against “Roger
Matice d/b/a Urban Designer Kitchens” because such entity does not legally exist, (2)
the trial court erred in disregarding the damages awarded to Matice Inc. and
allocating an improper offset, and (3) the trial court erred in refusing to reform the
judgment to correct clerical errors.
          We reverse and remand to enter judgment on damages consistent with the
jury’s verdict and affirm the trial court’s judgment in all other respects.
BACKGROUND
          In January 2001, the Gibsons contracted with Urban Designer Kitchens to
remodel their kitchen and three bathrooms. A series of estimates was compiled on
Urban Designer Kitchens letterhead, signed by Roger Matice as the “Authorized
Company Representative.” The final contract defined the seller as “Urban Designer
Kitchens” and was signed by Roger Matice in his individual capacity. 
          The total contract price for the remodeling was $76,826.93, with 50% due upon
signing the contract, 40% upon delivery of the cabinets, and the remaining 10% upon
completion. Work began in late January 2001 and continued until March 2001, when
the Gibsons noticed that work progress began to slow. In addition, the Gibsons
discovered that the quality of the work being performed was “below industry
standards.” The Gibsons wrote Roger Matice several letters complaining about the
unfinished and defective work—such as defective installation of lighting fixtures,
flooring, and cabinetry. Roger Matice responded on Urban Designer Kitchens
letterhead, signing as Roger Matice. As one of only two employees at Urban
Designer Kitchens, Roger Matice was the Gibsons’ sole contact.
          By April 2001, the Gibsons had paid $72,000 on the contract. They met with
Roger Matice, discussed the list of unfinished work, and set a deadline of June 30,
2001 for completion. Roger Matice sent a letter to his subcontractors, on Urban
Designer Kitchens letterhead, with a list of the incomplete work. By August 2001,
however, the job remained unfinished. 
          Roger Matice maintains that he ceased working on the job because the Gibsons
refused to pay $22,000 that became due for additional work he performed when the
Gibsons requested changes outside of the contract. The Gibsons maintain that they
refused to pay any money over and above that already paid under the contract because
Roger Matice abandoned the job.
          In November 2001, “Roger Matice d/b/a Urban Designer Kitchens” filed suit
against the Gibsons to recover the unpaid amount, alleging breach of contract,
quantum meruit, sworn account, and fraud. The Gibsons counterclaimed for breach
of contract, fraud, and violations of the DTPA due to the unfinished work. 
          In September 2002, Roger Matice filed an amended petition in which he
restyled his cause “Matice Enterprises, Inc. d/b/a Urban Designer Kitchens” versus
the Gibsons. In addition, “Matice Enterprises, Inc. d/b/a Urban Designer Kitchens”
answered the Gibsons’ counterclaims, but did not deny the capacity in which the
counterclaims had been brought (as against “Roger Matice d/b/a Urban Designer
Kitchens”).
          In March 2003, “Roger Matice d/b/a Urban Designer Kitchens” formally
moved to restyle the case, asserting that the proper plaintiff and counter-defendant
was “Matice Enterprises, Inc., d/b/a Urban Designer Kitchens.” Roger Matice put on
proof that, in 1999, Matice Enterprises incorporated and filed an assumed name
certificate, calling itself Urban Designer Kitchens. The trial court ordered Matice’s
suit restyled as “Plaintiff Matice Enterprises, Inc. d/b/a Urban Designer Kitchens v.
Defendants A. Wright Gibson, III and Linda S. Gibson.” However, the trial court
ordered the Gibson’s suit styled as “Third Party Plaintiffs A. Wright Gibson, III and
Linda S. Gibson v. Third Party Defendant Roger Matice d/b/a Urban Designer
Kitchens.” 
          In August 2003, Matice Inc. amended its petition and Roger Matice filed an
Amended Answer to the Counterclaim in which Roger Matice identified himself as
“Counter-Defendant/Third Party Defendant Roger Matice d/b/a Urban Designer
Kitchens.” By verified denial, Roger Matice denied the capacity in which he had
been sued and denied that he was individually doing business under the name of
Urban Designer Kitchens. 
          In January 2004, the Gibsons filed a supplemental counterclaim, this time
solely against Roger Matice d/b/a Urban Designer Kitchens, and the case proceeded
to jury trial. During trial, Roger Matice offered a copy of the articles of incorporation
and assumed name certificate as evidence that Matice Enterprises was incorporated
and that the corporation had been on file with the Secretary of State as doing business
in the name of Urban Designer Kitchens since January 1999. The Gibsons objected
that the articles of incorporation and assumed name certificate were not properly
authenticated and could not be admitted for the purpose of showing official
government records. The trial court overruled the objections and admitted the
documents; however, the Gibson’s assert that the documents were admitted for
limited purposes.


 
          The Gibsons did not offer evidence that Roger Matice was officially registered
as individually doing business as Urban Designer Kitchens; however, the Gibsons
offered evidence that Roger Matice was, in fact, individually conducting his business
under that name. The Gibsons demonstrated that throughout all of their dealings with
Urban Designer Kitchens—the estimates, the contract, invoices, letters—there was
never any disclosure of the existence of Matice Inc. or that Roger Matice was acting
as its agent.
          The jury charge properly reflected the order to restyle. The jury answered
questions finding the following, which the court entered: 
                  Matice Enterprises d/b/a Urban Designer Kitchens did substantially
perform under the agreement. (Question No. 1).
                  The Gibsons did not fail to comply with a material obligation of the
agreement with Matice Enterprises d/b/a Urban Designer Kitchens.
(Question No. 2).
                  Matice Enterprises d/b/a Urban Designer Kitchens performed
compensable work outside of the agreement, valued at $1,571.79. 
(Question Nos. 4 and 5).
                  The reasonable fees for the necessary services of the attorney for Matice
Enterprises d/b/a Urban Designer Kitchens [total $32,500]. (Question
No. 6).
                  Roger Matice d/b/a Urban Designer Kitchens did engage in a false,
misleading, or deceptive act or practice that was a producing cause of
damages to the Gibsons, and $2,000 damages are awarded. (Question
Nos. 7 and 8).
                  Roger Matice d/b/a Urban Designer Kitchens did engage in an
unconscionable action or course of action that was a producing cause of
damages to the Gibsons, but zero damages are awarded. (Question Nos.
9 and 10).
                  Roger Matice d/b/a Urban Designer Kitchens did not knowingly and
voluntarily engage in a fraudulent and deceitful scheme, course of
conduct and deceptive trade practice. (Question No. 11).
                  Roger Matice d/b/a Urban Designer Kitchens did fail to comply with a
material obligation of the agreement with the Gibsons, but zero damages
are awarded. (Question Nos. 14 and 15).
                  The reasonable fees for the necessary services of the attorney for the
Gibsons [total $45,500]. (Question No. 16). 
 
          On May 18, 2004, the final judgment awarded the Gibsons $15,000 against
Roger Matice d/b/a Urban Designer Kitchens. In addition, court costs were assessed
against Roger Matice d/b/a Urban Designer Kitchens and Matice Enterprises Inc.
d/b/a Urban Designer Kitchens. 
          The style of the final judgment does not reflect the order to restyle or the jury
charge. The final judgment lists Matice Enterprises, Inc. d/b/a Urban Designer
Kitchens as plaintiff, the Gibsons as defendants/counter-plaintiffs, and Roger Matice
d/b/a Urban Designer Kitchens as counter-defendant. In addition, the body of the
judgment states, in pertinent part, that
the court orders that plaintiff, Roger Matice d/b/a Urban Designer
Kitchens, take nothing by his suit, and that defendants, A. Wright
Gibson III and Linda S. Gibson, recover from plaintiff, Roger Matice
d/b/a Urban Designer Kitchens the sum of $15,000 plus prejudgment
interest . . . . All costs of court . . . are adjudged against Roger Matice
d/b/a Urban Designer Kitchens, and Matice Enterprises d/b/a Urban
Designer Kitchens, Plaintiff.”
(Emphasis added.) 
          Roger Matice and Matice Inc. filed a motion to set aside the jury’s findings on
the ground that no evidence was offered that Roger Matice d/b/a Urban Designer
Kitchens was a legally existing entity. In addition, they filed a motion to modify or
reform the judgment. These motions were overruled by operation of law. Matice Inc.
and Roger Matice jointly filed this appeal.
Legal Sufficiency
          In their first issue, Roger Matice and Matice Inc. (hereinafter jointly referred
to as “appellants”) contend that the evidence was legally insufficient to support
DTPA liability against Roger Matice. Appellants do not challenge the jury’s findings
that the DTPA was violated. Further, appellants do not raise the corporate status of
Matice Inc. to contend that Roger Matice is not individually liable under agency
principles. Rather, appellants solely contend that there is no evidence that Roger
Matice is individually doing business as Urban Designer Kitchens or that “Roger
Matice d/b/a Urban Designer Kitchens” is a legally existing entity.


 Hence, assert
appellants, the Gibsons are precluded from recovery.
A.      Standard of Review
          In a legal-sufficiency review, we consider the evidence in a light that tends to
support the finding of the disputed facts, and we disregard all evidence to the
contrary. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001); Ned
v. E.J. Turner & Co., Inc., 11 S.W.3d 407, 408 (Tex. App.—Houston [1st Dist.] 2000,
pet. denied). If there is more than a scintilla of evidence to support the finding, we
must uphold it. Formosa Plastics Corp. USA v. Presidio Eng’rs & Contractors, Inc.,
960 S.W.2d 41, 48 (Tex. 1998). “When the evidence offered to prove a vital fact is
so weak as to do no more than create a mere surmise or suspicion of its existence, the
evidence is no more than a scintilla and, in legal effect, is no evidence.” Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). However, if the evidence supplies
some reasonable basis for differing conclusions by reasonable minds, then there is
“some evidence.” Id.
B.      Analysis 
          The Texas Business and Commerce Code requires every business operating
under an assumed name to file an assumed name certificate in the county where the
entity is doing business or, in the case of an incorporated business, with the Secretary
of State. Tex. Bus. & Com. Code Ann. §§ 36.10–.11 (Vernon 2002). Failure to file
does not impair the validity of any contract or act by such person or business, but
prevents the person or business from maintaining an action or proceeding arising out
of the contract or act in which the assumed name was used, until a certificate is filed. 
Id. § 36.25. Any corporation or individual doing business under an assumed name
may sue or be sued in its assumed name for the purpose of enforcing for or against
it a substantive right, but on a motion by any party or on the court’s own motion the
true name may be substituted. Tex. R. Civ. P. 28.
          Here, Roger Matice originally named himself “Roger Matice d/b/a Urban
Designer Kitchens” in his own petition against the Gibsons. The Gibsons brought
their counterclaim against him in that capacity. Over a year later, Roger Matice
moved to restyle the case, asserting that the proper plaintiff was “Matice Enterprises
Inc. d/b/a Urban Designer Kitchens.” The court considered the question of the proper
capacity of the parties and ordered the Gibsons’ claim to be styled “Third Party
Plaintiffs A. Wright Gibson v. Third Party Defendant Roger Matice d/b/a Urban
Designer Kitchens.” 
          Subsequently, Roger Matice properly filed verified denials that he was sued in
the wrong legal capacity and that he was not doing business under Urban Designer
Kitchens. See Tex. R. Civ. P. 93. Roger Matice asserted that Urban Designer
Kitchens was the assumed name of Matice Inc. and that all work and materials
provided in the remodeling of the Gibson’s home were provided by Matice Inc. This
put the burden on the Gibsons to show otherwise. 
           Generally, in order to avoid individual liability, an agent has a duty to disclose
the existence of a principal and his representative capacity. Hideca Petroleum Corp.
v. Tampimex Oil Int’l, Ltd., 740 S.W.2d 838, 842 (Tex. App.—Houston [1st Dist.]
1987, no writ). The law does not presume agency. Lachmann v. Houston Chronicle
Publ’g. Co., 375 S.W.2d 783, 785 (Tex. Civ. App.—Austin 1964, writ ref’d n.r.e.). 
The Gibsons put on evidence that Roger Matice did not disclose the existence of
Matice Inc. or that he was acting in a representative capacity. While the estimates,
contract, invoices, and correspondence between the Gibsons and Roger Matice name
Urban Designer Kitchens, courts have held that use of a trade name alone is not
sufficient disclosure. Id. The Gibsons had no way of knowing that Matice Inc. was
in existence. Even if the articles of incorporation and assumed name certificate were
on file, the Gibsons had no duty to search for this information to discover the
principal. See Latch v. Gratty, Inc., 107 S.W.3d 543, 546 (Tex. 2003) (holding
individual liable when principal is undisclosed); Hideca Petroleum Corp., 740
S.W.2d at 842. 
          Appellants seem to contend that the Gibsons’ claims should fail because they
did not prove that Roger Matice was individually on file as “d/b/a Urban Designer
Kitchens.” However, adding “d/b/a” to a name does not constitute the creation of a
separate legal capacity; rather, it is a term of identification. See C.T. Lambert v.
Dealers Elec. Supply, Inc., 629 S.W.2d 61, 64 (Tex. App.—Dallas 1981, writ ref’d
n.r.e.) (Guittard, C.J., dissenting). Further, filing is not “use” of the name. Tex. Bus.
& Com. Code Ann. § 36.17 (Vernon 2002). Hence, in order to shield himself
individually from liability with the corporate status of Matice Inc., Roger Matice had
to conduct the business of Urban Designer Kitchens as an agent of Matice Inc. 
          Considering the evidence in a light that tends to support finding Roger Matice
individually liable and disregarding all evidence to the contrary, we conclude that
reasonable minds could differ as to whether Roger Matice individually conducted
business as Urban Designer Kitchens. See Lee Lewis Constr., 70 S.W.3d at 782; Ned,
11 S.W.3d at 408. Because there is more than a scintilla of evidence to support the
finding, we must uphold it. Formosa Plastics, 960 S.W.2d at 48.
          We overrule appellants’ first issue.
Damages and Clerical Errors
          In their second issue, appellants contend that the trial court erred in entering
a judgment that disregards the actual damages awarded to Matice Inc. and appears to
have improperly offset Roger Matice’s liability to the Gibsons with the attorney’s fees
awarded to Matice Inc. 
          The jury awarded Matice Inc. $1,571.79 for work performed outside of the
contract and $32,500 in attorney’s fees. The Gibsons were awarded $2,000 on their
DTPA claims and $45,500 in attorney’s fees. Roger Matice took nothing. However,
the only award listed in the final judgment is $15,000 to the Gibsons, against Roger
Matice d/b/a Urban Designer Kitchens. There is no award to Matice Inc. listed in the
judgment.
          Rule of civil procedure 302 requires an offset of damages “[i]f the defendant
establishes a demand against the plaintiff upon a counterclaim exceeding that
established against him by the plaintiff.” Tex. R. Civ. P. 302. However, here, we do
not have mutuality of judgment. See Brook Mays Organ Co. v. Sondock, 551 S.W.2d
160, 166 (Tex. Civ. App.—Beaumont 1977, writ ref’d n.r.e.) (determining that both
demands must mutually exist in the same parties and in the same capacity or right). 
The plaintiff, Matice Inc., prevailed on its breach of contract claim against the
defendants, the Gibsons. The Gibsons did not prevail on any counterclaims against
Matice Inc. Rather, the Gibsons prevailed solely on their DTPA claims against third-party defendant, Roger Matice. Hence, any such setoff, if it occurred, is improper.
Nevertheless, there is no explanation in the record for the calculations or the
allocations.
          We reverse the portion of the judgment disregarding the $1,571.79 award to
Matice Inc. and reverse the portion of the judgment awarding the Gibsons $15,000
in damages. We remand for the purpose of allocating damages as supported by the
evidence.
          We sustain appellants’ second issue.
Clerical Errors
          In their third issue, appellants contend that the trial court erred in failing or
refusing to correct “clerical errors” in the final judgment. The final judgment was
signed May 18, 2004. Appellants timely filed a motion to modify or reform the
judgment to correct alleged clerical errors, which was overruled by operation of law. 
Tex. R. Civ. P. 329b(a). Appellants ask this Court to reform the judgment to correct
the “clerical errors.”
          A judgment nunc pro tunc in the trial court is used to correct clerical errors and
may be executed after the trial court loses plenary jurisdiction. Tex. R. Civ. P.
329b(f); Riner v. Briargrove Park Prop. Owners, Inc., 976 S.W.2d 680, 682 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). A clerical error is an error in entering a
final judgment. Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986). A judicial
error, which is an error in rendering final judgment, cannot be corrected in the trial
court once the trial court’s plenary power has expired. Id.
          Whether an error is clerical or judicial is a question of law. Id. at 232. 
Whether the trial court pronounced the judgment orally and the terms of the
pronouncement are questions of fact. Id. The judicial or clerical question becomes
a question of law before us only after the trial court has factually determined whether
it previously rendered judgment and the contents of the judgment. Id. Here, the
record is not developed on this point. 
          We overrule appellants’ third issue.
 
 
 
 
 
 
CONCLUSION
          We reverse the portion of the judgment disregarding the $1,571.79 award to
Matice Inc. and reverse the portion of the judgment awarding the Gibsons $15,000
in damages. We remand for the purpose of entering judgment on damages consistent
with the jury’s verdict. The trial court’s judgment is affirmed in all other respects.
 


                                                   Laura Carter Higley
                                                   Justice
          
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.