Affirmed and Memorandum Opinion filed October 26, 2006








Affirmed and Memorandum Opinion filed October 26, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00395-CV

_______________

 

U.S. JIN CHEN ENTERPRISE, INC., Appellant

 

V.

 

PI-CHI CHEN a/k/a PI-CHEE CHEN and 

HOUSTON T-SHIRT BAG COMPANY, Appellees

                                                                                                                                 
              

On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 03-56332

                                                                                                                                            
   

 

M E M O R A N D U M   O P I N I O N

In this breach of contract and fraud
case, U.S. Jin Chen Enterprise, Inc. (AJin Chen@) appeals the trial court=s: (1) denial of its motion for
continuance and (2) order striking the affidavit attached to its response to
Pi-Chi Chen (APi-Chi@) and Houston T-Shirt Bag Company=s (AHouston T-Shirt@) motions for summary judgment.[1] 
We affirm.








Background

In early 2000, Shaanxi Jinye Science
Technology & Education Co., Ltd. Group (AJinye@), a Chinese company, and Houston
T-Shirt entered into an agreement, written entirely in Chinese (the AChinese agreement@), in which Jinye agreed to acquire
Houston T-Shirt=s plastic bag manufacturing business in Houston, and Houston
T-Shirt agreed to purchase a monthly minimum of plastic bags.  Jinye thereafter
formed Jin Chen, a Texas corporation, which began operating that business and
selling plastic bags to Houston T-Shirt.  Several months later, Jin Chen
entered into several contracts[2] written in
English (the AEnglish agreements@) that were similar in effect to the Chinese agreement,
except that Nation Plastics, Inc. (ANation Plastics@), rather than Houston T-Shirt,
agreed to purchase the monthly minimum of plastic bags from Jin Chen.  In 2002,
Nation Plastics began complaining about the quality of bags manufactured by Jin
Chen and reduced the level of its purchase orders, ultimately ceasing orders
from Jin Chen in 2003.

Jin Chen thereafter filed this
lawsuit against Pi-Chi and Houston T-Shirt for breach of contract and
fraudulent inducement with regard to only the Chinese agreement.[3] 
Pi-Chi and Houston T-Shirt filed counterclaims, alleging breach of the English
agreements for Jin Chen=s failure to pay the full purchase price under these
agreements and rent under a lease it assumed from Houston T-Shirt.








As relevant to this appeal, Pi-Chi
and Houston T-Shirt filed motions for summary judgment against Jin Chen=s claims and on their own
counterclaims.  With its summary judgment response, Jin Chen moved for a
continuance in order to depose certain witnesses and provided an affidavit (the
Aaffidavit@) by Genqun Lei, the president of Jin
Chen.  The trial court struck the affidavit and implicitly denied the motion
for continuance by granting summary judgment in favor of Pi-Chi and Houston
T-Shirt.

Finality of Summary Judgment

Because Jin Chen filed a first
original amended petition purporting to join Jinye as an additional plaintiff
on December 16, 2004, and Houston T-Shirt filed a motion to strike the amended
petition, we abated this appeal to ensure that the summary judgment being
appealed was a final judgment.  See Tex.
R. App. P. 27.2.  Our abatement order (the Aabatement order@) stated, in part:

[W]e order the case abated and remanded
to the trial court for a period of thirty days to permit the parties to obtain
an order granting the motion to strike the first amended original petition.  If
an order granting the motion to strike is signed by the trial court, a
supplemental clerk=s record containing the order, and all documents necessary to
establish that the judgment being appealed is final, shall be filed with the
clerk of this court on or before August 28, 2006.

U.S. Jin Chen Enter. v. Pi-Chi Chen, No. 14-05-00395-CV (Tex. App.CHouston [14th Dist.] July 27, 2006)
(order abating appeal).  The trial court subsequently entered an order,
entitled AJudgment Nunc Pro Tunc,@ in which it stated:

This Judgment Nunc Pro Tunc is
entered solely to clarify that, when the Final Judgment was signed on January
17, 2005, the Court intended to enter a final order addressing all claims of
all parties in this case because the Court finds that some confusion may have
been created due to the fact the Court did not enter a written order striking
[Jin Chen=s] First Amended Original Petition while intending to do so.

IT IS THEREFORE ORDERED that the
terms of the Court=s Final Judgment signed on January 17, 2005 are incorporated
herein by this reference.

IT IS FURTHER ORDERED that [Jin Chen=s] First Amended Original Petition is
stricken from the record.  Thus, the Court did not consider [Jin Chen=s] First Amended Original Petition as
its live pleading when signing the Final Judgment on January 17, 2005.








Jin Chen has objected to the judgment
nunc pro tunc arguing that, after a trial court loses its jurisdiction over a
judgment, it can correct only clerical errors in the judgment by a judgment
nunc pro tunc.  See, e.g., Escobar v. Escobar, 711 S.W.2d 230,
231 (Tex. 1986).  Jin Chen argues this nunc pro tunc judgment is void because
it attempts to correct a judicial, rather than clerical, error.

However, until the record reflected
that the trial court=s previous judgment was made final by the striking of Jin
Chen=s first amended original petition,
that judgment remained interlocutory and the trial court retained jurisdiction
over the case; and our abatement order remanded the case to the trial court to
so clarify the record.  Therefore, regardless whether the trial court=s purported judgment nunc pro tunc is
correctly titled, it is not void for lack of jurisdiction.  We thus overrule
Jin Chen=s objection to it and turn to the
merits of the appeal.

Summary Judgment

Jin Chen=s first and second issues challenge
the denial of its motion for continuance.  The granting or denial of a motion
for continuance is within the trial court=s sound discretion.  Gen. Motors
Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997).  Should it appear from the
affidavits of a party opposing a motion for summary judgment that it cannot
(for reasons stated) present by affidavit facts essential to justify its
opposition, the court may refuse the application or may order a continuance to
permit affidavits, depositions or other discovery to be obtained.  Tex. R. Civ. P. 166a(g).  In this case,
because Jin Chen does not cite us to any affidavits indicating that it could
not present controverting summary judgment evidence without the requested
depositions,[4] we have no
basis to conclude that the trial court abused its discretion in denying the
motion for continuance.  Accordingly, Jin Chen=s first and second issues are
overruled.








Jin Chen=s third and fourth issues challenge
the striking of the affidavit.  However, issues not expressly presented to the
trial court by written motion or response cannot be considered as grounds for
reversal on appeal.  Tex. R. Civ. P. 166a(c). 
Similarly, an appellant=s brief must contain a clear argument for the contentions
made, including necessary citations to the record.  Tex. R. App. P. 38.1(h).

In this case, Jin Chen contends that
the affidavit contained evidence necessary to rebut appellees= motions for summary judgment. 
However, its brief does not specify how any facts recited in the affidavit
would have created a fact issue on any claims or defenses in the case. 
Similarly, Jin Chen=s summary judgment response asserted, in a conclusory manner,
that referenced paragraphs of the affidavit supported elements of its claims
and raised fact questions concerning various issues in the case, but it did not
explain how any particular facts set forth in any referenced paragraph actually
did so or otherwise rebutted any summary judgment grounds asserted by
appellees.  Under these circumstances, we have no basis to conclude that
reversing the trial court=s decision to strike the affidavit would, in turn, require a
reversal of the summary judgment.  Accordingly, Jin Chen=s third and fourth issues are
overruled, and the judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed October 26, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.









[1]           Although Voni Chen a/k/a Pi-Chun Chen,
Richard Chun-Hua, John Doe I, John Doe II, and John Doe III were listed as
defendants in the caption of the trial court case, our record does not reflect
that any of them were served or participated in the lawsuit, and the judgment
in this case does not purport to address them in any way.





[2]           These documents included an Asset Purchase
Agreement and Bill of Sale, executed by Pi-Chi on behalf of Houston T-Shirt,
and a Purchase Agreement, executed by Pi-Chi on behalf of Nation Plastics.





[3]           Jin Chen was not a party to the Chinese
agreement but was formed after its execution.  





[4]           Jin Chen filed a motion for new trial,
attaching deposition transcripts taken in a companion case of the witnesses for
whose depositions the continuance was sought in this case.  However, Jin Chen=s brief fails to particularize how the testimony in
those depositions would have created fact issues on any of the grounds for
which appellees sought summary judgment in this case.