NO. 07-10-00481-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MARCH
7, 2011

 



 

IN THE INTEREST OF A.P., A.P.,

A.N.P., AND A.M.P., CHILDREN



 



 

 FROM THE 223RD DISTRICT COURT OF GRAY
COUNTY;

 

NO. 35,607; HONORABLE PHIL N. VANDERPOOL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER

 

            Appellants T.P., the father, and D.P., the mother, appeal the
trial court’s termination of their parental rights.  On our own motion, we abate the appeal and
remand the case to the trial court for consideration of its two orders signed
November 22, 2010.

On May 14, 2009, the Texas Department
of Family and Protective Services filed suit against the father and the mother
through a pleading denominated, “Original Petition for Protection of a Child,
for Conservatorship, and for Termination in Suit Affecting the Parent-Child
Relationship.”  The petition alleges T.P.
is the father of four children subject to the proceeding.  It further alleges that D.P. is the mother of
two of the children, A.N.P. and A.M.P., and that E.P. is the mother of the
other two, whose initials are the same, A.P., and to whom we will refer as the
“older two children.” The Department’s petition sought, inter alia, termination of the parent-child relationships between
the father and all four of the children, and the parent-child relationships
between the mothers D.P. and E.P. and their respective children.

The case was tried by jury beginning
November 8, 2010.  Responding to
questions, the jury found the parent-child relationships between the father and
A.N.P. and A.M.P., and the mother and A.N.P. and A.M.P., should be
terminated.  The jury found E.P., the
mother of the older two children, should be named their managing conservator.  The jury was not asked if the parent-child
relationship between the father and the older two children should be
terminated.  After the jury returned its
verdict and was discharged, the court orally rendered judgment.  Consistent with the jury’s answers, it
ordered the parent-child relationships between the father and A.N.P. and
A.M.P., and the mother and A.N.P. and A.M.P., terminated.  It named E.P. sole managing conservator of
the older two children.  It made no oral
pronouncement concerning the father’s parent-child relationship with the older
two children.  These rulings were also
expressed in a docket sheet entry of November 10.

On November 22, 2010, the trial court
signed two orders in the case.  The
first, entitled “Order of Termination,” and the second, “Final Order in Suit
Affecting the Parent-Child Relationship.” 
In relevant part, the termination order recites the children to the suit
are A.N.P. and A.M.P.  But the
termination order also recites findings of best interest and statutory
predicate grounds, and expressly terminates the father’s parental rights, as to
all four children.[1]  As to the father, the SAPCR order is
inconsistent with the termination order. 
It names E.P. permanent managing conservator of the older two children
and denies the father possession or access to the older two children.[2]  Importantly, however, the SAPCR order
recognizes a parent-child relationship between the father and those two
children.  

In short, now before us are two
appealable orders affecting the parent-child relationship between father and the
older two children. 
The termination order purports to terminate that relationship while the
SAPCR order recognizes the relationship but curtails the father’s access or
possession of the older two children.

The father and the mother filed
notice of appeal.  The trial court found
their appellate points frivolous but appointed appellate counsel.  The record was filed and on February 24,
2011, appointed counsel filed a motion to withdraw from representation
supported by an Anders brief.[3]  

From the discussion that follows, we
believe the trial court can determine whether it signed a judgment containing
clerical errors or whether it changed its judgment from that orally rendered in
open court to the signed writing.  Judgment
in the former case is correctable nunc pro tunc, even on the trial court’s own motion.  Judgment in the latter instance is not. 

Concerning the ability of a trial
court to correct clerical errors nunc pro tunc, the Texas Supreme Court in Coleman v. Zapp long ago explained:

The judgment of a court is what the court pronounces. Its rendition is
the judicial act by which the court settles and declares the decision of the
law upon the matters at issue. Its entry is the ministerial act by which an
enduring evidence of the judicial act is afforded. The failure of the minute
entry to correctly or fully recite what the court judicially determined does
not annul the act of the court, which remains the judgment of the court
notwithstanding its imperfect record. 
Hence it is that from the earliest times the power of correcting or
amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has
been possessed and exercised by the courts as an inherent right, independent of
any statute, and, in the absence of express provision, unaffected by
limitation. . . .  If a court is made
aware that, through mistake or omission, its records do not recite its judgment
as actually rendered, we do not doubt that it is not only the right but the
duty of the court, of its own motion and after due notice to the parties, to
order the proper entry. The nature of a judicial record, the accuracy of which
is the peculiar concern of the court and which for that reason and to that
extent remains within the court’s control, forbids that its correctness as an
expression or evidence of judicial action should depend upon the inauguration
of a proceeding by the parties, and it is therefore plain that such a
proceeding only invokes an authority which the court may exercise of its own
accord.

105 Tex. 491, 494,
151 S.W. 1040, 1041 (Tex. 1912) (citations omitted).

When confronting the question whether
a judgment may be modified by an order nunc pro tunc a trial court must determine if the change from the
judgment first announced was a clerical error or a judicial modification.  Kostura v. Kostura,
469 S.W.2d 196, 198 (Tex.Civ.App.--Dallas 1971, writ ref’d n.r.e.).  A clerical error is a discrepancy between
the entry of a judgment in the record and the judgment that was actually
rendered.  Andrews
v. Koch, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam).  On the other hand, a judicial error arises
from a mistake of law or fact that requires judicial reasoning to correct.  Butler v. Continental
Airlines, Inc., 31 S.W.3d 642, 647 (Tex.App.--Houston
[1st Dist.] 2000, pet. denied).  A
judgment nunc pro tunc
allows a trial court to correct a clerical error in the judgment after
expiration of the trial court=s plenary
power.  Escobar v. Escobar, 711
S.W.2d 230, 231-32 (Tex. 1986); Tex. R. Civ. P. 316.  But such power does not extend to correction
of a judicial error made in rendering a final judgment.  Escobar, 711 S.W.2d
at 231.  Following expiration of
its plenary power, a trial court may only correct the entry of a final written
judgment that incorrectly states the judgment actually rendered.  Id. at 231-32.

In Truelove v. Truelove, this court considered the sufficiency of a
trial court’s nunc pro tunc
correction of a judgment that stated a material proposition contrary to the
trial court’s announcement of judgment.  266 S.W.2d 491 (Tex.Civ.App.--Amarillo
1953, writ ref’d).  Truelove
was a will contest.  A jury found the
will was executed and procured by undue influence.  On this finding, the trial judge announced
judgment for the contestants.  The court,
however, inadvertently signed the wrong form of judgment which effectively set
aside the jury finding and admitted the will to probate. The judgment was filed
and entered of record.  On subsequent
motion for entry of judgment nunc pro tunc, the trial court set aside the erroneous judgment and
signed a judgment denying probate of the will. 
Id. at 492.  Instructed by Coleman, this court concluded the erroneous judgment was properly
correctable by judgment nunc pro tunc.  Id. at 493-94.  The supreme court refused an application for writ of error in Truelove and later followed the decision
in Andrews.  702 S.W.2d at 585.  

            We
abate the appeal and remand the cause to the trial court.  Tex. R. App. P. 44.4.  On remand, the trial court shall, on proper
notice and as soon as practicable, conduct a hearing to determine whether
either or both the termination order or the SAPCR order incorrectly reflect the
judgment of the court and, if so, whether the mistake is a clerical error
subject to correction nunc pro tunc.  If the trial court concludes either or both
orders are incorrect and the mistake is a clerical error, then it shall sign an
order or orders nunc pro tunc
correctly reflecting the judgment of the court.

Following the hearing, the trial
court shall prepare findings of fact and conclusions of law regarding all
matters it considered in conjunction with this order.  The hearing shall be transcribed and included
in a supplemental reporter’s record.  The
trial court’s findings of fact and conclusions of law as well as any orders made
in compliance with this order and any orders or judgments nunc
pro tunc, should such be signed by the trial court,
shall be included in a supplemental clerk’s record.  The supplemental reporter’s record and
supplemental clerk’s record shall be filed with the clerk of this court on or
before March 28, 2011.  Should additional
time be needed to perform these tasks, the trial court may request same on or
before March 28, 2011.

            The
appeal will remain abated until further order of this court.  We take no action at this time on the pending
motion to withdraw filed by appointed appellate counsel for the father and the
mother.  

            It
is so ordered.   

Per Curiam

 

            








 

 











[1] This section of the termination
order concludes with the decree: “IT IS
THEREFORE ORDERED that the parent-child relationship between [the father]
and the child (sic) [A.P., A.P., A.N.P., and A.M.P.] is
terminated.”  (Bolding
and capitalization in original). 





[2] This section of the SAPCR order, entitled “Parent
Denied Possession or Access,” decrees the father:

Is not appointed possessory conservator of the children, and shall not
have possession or access, because the Court finds such appointment would not
be in the best interest of the children and that possession or access by this
parent would endanger the physical or emotional welfare of the children. 





[3] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re
A.W.T., 61 S.W.3d 87, 88 (Tex.App.--Amarillo
2001, no pet.) (per curiam) (finding Anders
procedures applicable to appeals of orders terminating parental rights).