

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00432-CV

WILLOW VISTA ESTATES                                           APPELLANT
HOMEOWNERS ASSOCIATION,
INC.

V.

MELISSA A. HAIGHT                                              APPELLEE

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Willow Vista Estates Homeowners Association, Inc. (the HOA) appeals the trial court's denial of its motion for judgment nunc pro tunc, which sought to correct a final default judgment against appellee Melissa A. Haight. We reverse and remand.

---

[1]See Tex. R. App. P. 47.4.

**Background Facts**

The HOA is responsible for collecting assessments from homeowners in the Willow Vista Estates development. Haight is a homeowner in the development who is required to pay assessments. When Haight failed to pay after repeated demands, the HOA sued Haight. After she failed to appear or file an answer, the HOA moved for default judgment, seeking the right to foreclose upon Haight's property.

At the hearing on the HOA's motion, the trial court explained it was concerned that Haight "may not have realized that the HOA was attempting to foreclose on her property." The trial court stated that it would grant the default judgment, except for the right to foreclose. It reset the remainder of the requested relief (that is, the right to foreclose) and requested that the HOA send Haight another notice making it clear "that the purpose of the hearing was to foreclose or to consider foreclosure on her home." The HOA submitted a proposed interlocutory default judgment stating the amount of damages, which the trial court said it would sign. However, the trial court inadvertently failed to sign it.

The HOA sent the notice of the hearing to Haight as the trial court requested, and Haight again failed to appear at the reset hearing. On September 11, 2012, the trial court granted the default judgment against Haight. The final default judgment states that the HOA "shall be permitted to foreclose upon the property as requested," but it does not state the amount of damages awarded,

including the assessments due and the attorney's fees incurred, that was included in the interlocutory default judgment that the trial court failed to sign.

On October 26, 2012, the HOA filed a motion for judgment nunc pro tunc, requesting that the trial court correct the error in the judgment to include the amount of debt that Haight owed. The trial court denied the motion. It stated that although its failure to sign the proposed interlocutory default judgment was error, it could not grant the judgment nunc pro tunc because it had lost plenary power to modify the final default judgment. The HOA then filed this appeal.

**Discussion**

In its sole issue on appeal, the HOA argues that its motion for judgment nunc pro tunc should have been granted because clerical errors may be corrected even after the trial court's plenary power has expired.

We must first determine whether the complained-of error is clerical or judicial. A trial court may correct clerical errors in judgments under Texas Rule of Civil Procedure 316. *See* Tex. R. Civ. P. 316. However, a trial court cannot correct a judicial error made in rendering a final judgment once its plenary power has expired. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). "A judicial error is an error which occurs in the *rendering* as opposed to the *entering* of a judgment." *Id.* That is, a clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court, and does not arise from judicial reasoning or determination. *See Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.)

3

"The court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition." *Escobar*, 711 S.W.2d at 231–32. Whether an error is judicial or clerical is a matter of law. *Id.* at 232.

In this case, the trial court orally agreed to sign the proposed interlocutory judgment, which set the amount of damages recoverable by the HOA from Haight to be $1,014.86 in unpaid assessments, $2,500 in attorney's fees, additional attorney's fees contingent upon appeals, and postjudgment interest at the rate of 5% per annum. The HOA does not argue, and the trial court did not find, that these amounts are incorrect. The HOA only complains that their absence from the final judgment makes it impossible for them to foreclose on Haight's property. *See* Tex. R. Civ. P. 309 ("Judgments for the foreclosure of . . . liens shall be that the plaintiff recover his debt, damages[,] and costs, with a foreclosure of the plaintiff's lien on the property subject thereto."). The trial court granted the default judgment stating that the HOA could foreclose on Haight's property, and it had intended, but failed, to sign the interlocutory summary judgment, which reflected the amount of damages. The lack of the damages amount in the final default judgment was therefore a clerical error.

We next address whether the trial court could correct the judgment to include the amount of damages after its plenary power expired. Texas Rule of Civil Procedure 329b(f) states that "a judgment cannot be set aside by the trial

4

court except by bill of review for sufficient cause . . . provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316." Tex. R. Civ. P. 329b(f). The supreme court has stated, "After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc. In this regard, the trial court has plenary power to correct a clerical error made in *entering* final judgment." *Escobar*, 711 S.W.2d at 231 (citing *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56 (Tex. 1970)). It thus appears clear that a trial court retains the power to correct a clerical error under Rule 316 even after its plenary power to modify, correct, or reform a judgment has expired. *See* Tex. R. Civ. P. 329b (distinguishing a motion to modify, correct, or reform a judgment from a motion for judgment nunc pro tunc under Rule 316); *see also* Tex. R. App. P. 4.3(b) (regarding situations in which the trial court has corrected a judgment after the expiration of its plenary power, thus assuming that such an act may be valid).

The trial court found in its findings of fact and conclusions of law that it had intended to sign the interlocutory default judgment so that the HOA could proceed with foreclosure and that its failure to sign it "was error." *See In re Broussard,* 112 S.W.3d 827, 833 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (stating that a judgment nunc pro tunc should be granted if the evidence is clear and convincing that a clerical error was made). The expiration of its plenary power over the final judgment did not prevent it from entering the

5

judgment nunc pro tunc to reflect the relief that it granted to the HOA.  We sustain the HOA's issue.

## Conclusion

Having sustained the HOA's sole issue on appeal, we reverse the trial court's denial of the HOA's motion for judgment nunc pro tunc and remand the case to the trial court for further proceedings consistent with this opinion.


LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED:  August 22, 2013