# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00766-CV

---

### E. D., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 267,106-8, THE HONORABLE CHARLES H. VAN ORDEN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N   A N D   O R D E R

**PER CURIAM**

This case presents us with a written final decree of termination that does not comport with the trial court's verbal rendition of judgment. At the conclusion of the final hearing on the termination of appellant E.D.'s parental rights, the trial court verbally stated:

> As to the mother, the Court's going to find by clear and convincing evidence the mother has knowingly placed the children with persons who engaged in conduct which endangers the physical health and emotional well-being of the children.

*See* Tex. Fam. Code § 161.001(b)(1)(E) (allowing for termination if parent engaged in conduct or knowingly placed child with person who engaged in conduct that endangered child's physical or emotional well-being). The court went on to verbally state:

The Court is further going to find by clear and convincing evidence the mother has constructively abandoned the children who have been in the temporary managing conservatorship of the Department of Family and Protective Services for not less than six months.

The Court is further going to find by clear and convincing evidence as to mother that she has failed to comply with provisions of the court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months.

The Court is further going to find by clear and convincing evidence it is in the best interest of the children that any parent-child relationship that exists between the mother being is hereby terminated.

*See id.* § 161.001(b)(1)(N) (allowing for termination based on constructive abandonment), (O) (allowing for termination based on failure to comply with provisions of court order establishing actions necessary to regain custody).

In its final decree of termination, however, the trial court stated that it had found that E.D. had "knowingly placed and knowingly allowed the child to remain in conditions and surroundings which endangers [sic] the physical and emotional well-being of the child." *See id.* § 161.001(b)(1)(D). It then went on to find the same additional grounds it had recited orally at the conclusion of the hearing—that E.D. had constructively abandoned the children and failed to comply with a court order—and to find that termination of her parental rights was in the children's best interest. *See id.* § 161.001(b)(1)(N)-(O), (2). The written decree, which recites as grounds for termination subsections *(D)*, (N), and (O), does not comport with the trial court's oral rendition of judgment based on subsections *(E)*, (N), and (O).

After a trial court loses jurisdiction, it can only correct clerical errors in a judgment, which it does by way of a judgment nunc pro tunc. *Texas Dep't of Transp. v. A.P.I.*

*Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013); *In re F.J.*, No. 06-19-00041-CV, 2019 WL 5460691, at *2 (Tex. App.—Texarkana Oct. 25, 2019, pet. filed) (mem. op.).  "A clerical error is one which does not result from judicial reasoning or determination," and if "the signed judgment inaccurately reflects the true decision of the court, then the error is clerical and may be corrected."  *A.P.I. Pipe & Supply*, 397 S.W.3d at 167 (cleaned up); *see In re A.P.*, No. 07-10-00481-CV, 2011 WL 780525, at *2 (Tex. App.—Amarillo Mar. 7, 2011, order) (mem. op.) ("A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered," while "a judicial error arises from a mistake of law or fact that requires judicial reasoning to correct.").  A judicial error—"an error which occurs in the *rendering* as opposed to the *entering* of a judgment"—cannot be altered by way of a judgment nunc pro tunc.  *Escobar v. Escobar*, 711 S.W.2d 230, 231-32 (Tex. 1986).

"A court's judgment is its announcement of the resolution of the issues in a lawsuit and is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk."  *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (cleaned up); *see In re K.N.M.*, No. 02-08-00308-CV, 2009 WL 2196125, at *5 (Tex. App.—Fort Worth July 23, 2009, no pet.) (mem. op.).  "A trial court renders judgment orally when it announces rendition as a present act and not as an intention to render judgment in the future." *Naylor*, 466 S.W.3d at 788 (cleaned up).

The trial court stated at the conclusion of the final hearing that it found that termination was proper under subsections (E), (N), and (O),[1] but its written decree diverges from

---

[1] The trial court's docket sheet for the final hearing recites, "Ct. finds stat. grounds, P's rts. terminated.  TDFPS=PMC." *See In re K.N.M.*, No. 02-08-00308-CV, 2009 WL 2196125, at *6 (Tex. App.—Fort Worth July 23, 2009, no pet.) (mem. op.) (appellate court's conclusion that

3

the verbally stated grounds, instead stating that the grounds for termination were under subsections (D), (N), and (O). We cannot conclude, however, that the trial court verbally pronounced judgment at the hearing or the terms of its pronouncement—those questions are questions of fact.[2] *See Escobar*, 711 S.W.2d at 232; *F.J.*, 2019 WL 5460691, at *2.

We therefore abate the case to the trial court. On remand, the trial court shall, on proper notice and as soon as practicable, bearing in mind the accelerated nature of termination cases, conduct a hearing to determine whether the termination decree incorrectly reflects the judgment of the court and, if so, whether the mistake is a clerical error subject to correction by way of a judgment nunc pro tunc. *See Escobar*, 711 S.W.2d at 232; *A.P.*, 2011 WL 780525, at *3. In making its decision, the court may consider testimony from witnesses, such as by the attorney who prepared the decree, the reporter's record from the final hearing, the court's docket entries, written documents, the trial judge's personal recollection, and other record evidence. *See F.J.*, 2019 WL 5460691, at *3. The hearing shall be transcribed, and a supplemental reporter's record of the hearing shall be provided to this Court. *See A.P.*, 2011 WL 780525, at *3.

If the trial court determines that the decree includes a clerical error, it shall sign a termination decree nunc pro tunc reflecting the judgment of the court. *See id.* The trial court shall also prepare findings of fact and conclusions of law regarding the matters it considered in conjunction with this order, and the findings of fact and conclusions of law, any orders made in

trial court rendered judgment at conclusion of hearing was bolstered by docket sheet entry indicating that all matters had been decided).

[2] After the trial court determines whether it previously rendered judgment and the contents of that judgment, we may review whether the error was judicial or clerical as a question of law. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986); *In re F.J.*, No. 06-19-00041-CV, 2019 WL 5460691, at *2 (Tex. App.—Texarkana Oct. 25, 2019, pet. filed) (mem. op.).

relation to this order, and the termination decree nunc pro tunc, should such a decree be signed by the court, shall be included in a supplemental clerk's record. *See id*. We will reinstate the case upon receipt of the supplemental clerk's record and, if necessary, will allow E.D. time to supplement her briefing.

The supplemental reporter's record and supplemental clerk's record shall be filed with the clerk of this Court ***within twenty days of the date of this order***. Should additional time be needed to comply with the order, the trial court may request such time on or before the due date.

It is so ordered on January 17, 2020.

Before Chief Justice Rose, Justices Baker and Triana

Abated and Remanded

Filed: January 17, 2020