# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00107-CV

**Venky Venkatraman, Appellant**

**v.**

**Texas Board of Law Examiners, Appellee**

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-000521, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Venky Venkatraman attempts to appeal from an order signed by the trial court on January 26, 2024, that denied his "Motion for Judicial Review of Decision by the [Texas Board of Law Examiners] Denying Plaintiff's Petition for Redetermination." The trial court rendered a final judgment in this same underlying cause on August 19, 2022. No party filed a motion thereafter that would have extended the trial court's plenary jurisdiction. *See* Tex. R. Civ. P. 329b(e), (g). Therefore, the trial court's plenary jurisdiction expired on September 19, 2022—thirty days after the final judgment was signed. *See id.* R. 329b(d).

After the expiration of its plenary jurisdiction, a trial court can only correct clerical errors in a judgment by issuing a judgment nunc pro tunc. *See Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). A judgment or order rendered after plenary power has expired is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008); *In re*

*Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). While it is wholly unnecessary to appeal from a void judgment or order, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment or order void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Bahar v. Lyon Fin. Servs., Inc.*, No. 03-07-00469-CV, 2009 WL 2341864, at *3 (Tex. App.—Austin July 28, 2009, pet. denied) (mem. op.) (holding that trial court's order denying motion to vacate judgment signed after plenary power had expired was void because trial court lacked jurisdiction to further rule).

Because the trial court's plenary power had expired when it signed the order at issue, the trial court had lost jurisdiction to address the merits of Venkatraman's motion and should have dismissed it for lack of subject-matter jurisdiction. *See Bahar*, 2009 WL 2341864, at *3. Because the trial court lacked jurisdiction to rule on the merits of the motion, the order denying the motion is void. *See id.* We accordingly vacate the order and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(e); *Bahar*, 2009 WL 2341864, at *3.

_____
Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Vacated and Dismissed for Want of Jurisdiction

Filed: May 31, 2024