COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE | § | No. 08-24-00394-CV |
| VERONICA RAE VARA, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |

## <u>MEMORANDUM OPINION</u>

Relator, Veronica Rae Vara, was declared a vexatious litigant subject to a prefiling order that requires her to obtain permission from the local administrative judge prior to filing new litigation "relating to marital property provisions of the [parties'] Original Decree of Divorce."[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101. On September 25, 2024, Ms. Vara filed a request with the local administrative judge seeking permission to file a "Motion for Judgment Nunc Pro Tunc" to correct "certain drafting errors" in a January 4, 2017 "Order of Default Judgment on Order to Vacate Void Order and Reinstate Decree of Divorce." On October 1, 2024, local administrative judge, the Honorable Annabell Perez of the 41st Judicial District Court, denied Ms. Vara permission to file the motion. Ms. Vara now petitions this Court to compel Judge Perez to grant permission to file the motion. *Id.* § 11.102(f). We deny mandamus relief.

To be entitled to mandamus relief, a relator must generally meet two requirements. First, she must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*,

---

[1]TEXAS OFFICE OF COURT ADMINISTRATION, ORDER DECLARING VERONICA RAE VARA A VEXATIOUS LITIGANT (June 22, 2023), https://www.txcourts.gov/media/1456705/veronica-vera.pdf.

148 S.W.3d 124, 135 (Tex. 2004). Second, she must demonstrate that she has no adequate remedy by appeal. *Id.* at 136.

A judgment nunc pro tunc may be used to correct clerical errors in a judgment after the trial court has lost its plenary power. *See, e.g.*, *Perez v. Perez*, 658 S.W.3d 864, 872 (Tex. App.—El Paso 2022, no pet.); Tex. R. Civ. P. 329b(f). "A clerical error is one that does not result from judicial reasoning or determination." *Perez*, 658 S.W.3d at 872. A judgment nunc pro tunc cannot be used to correct a judicial error. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986).

Through her motion, Ms. Vara seeks to materially alter the January 4, 2017 order by removing a provision reinstating the property division and spousal maintenance from the original decree of divorce. In the order denying Ms. Vara permission to file the motion, the local administrative judge found that a nunc pro tunc was inappropriate to correct any alleged error that would materially alter the substance of the order, i.e., judicial error. Because Ms. Vara's motion seeks to materially alter the marital property and spousal maintenance provisions of her divorce decree—the subject of her vexatious litigant prefiling order—we cannot conclude that Judge Perez abused her discretion when she denied Ms. Vara's request for permission by finding that the motion lacked merit. Tex. Civ. Prac. & Rem. Code Ann. § 11.102(d)(1) (authorizing a local administrative judge to grant permission to a vexatious litigant subject to a prefiling order only if it appears that the litigation has merit). Accordingly, we deny the petition for writ of mandamus. Tex. R. App. P. 52.8(a).

LISA J. SOTO, Justice

November 22, 2024

Before Alley, C.J., Palafox and Soto, J.J.

2