Judgment Reversed and Vacated and Opinion filed December 30, 2008








Judgment
Reversed and Vacated and
Opinion filed December 30, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00423-CV

____________

 

B.Z.B., INC. AND C. MICHAEL ORR, Appellants

 

V.

 

DONAL S. CLARK, Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 04CV0895-A

 



 

O P I N I O N

This is an appeal from an order signed by the trial court
on April 20, 2007, more than sixteen months after the trial court initially
signed the final judgment in the case.  Because the trial court was without
jurisdiction to enter the April 20, 2007 order, we declare the order void and
it must be vacated.








Factual and Procedural Background

On October 20, 2005, the trial court granted appellee,
Donal S. Clark=s motion for partial summary judgment.  On November
22, 2005, the trial court granted appellee=s motion to sever,
making the October 20 partial summary judgment a final, appealable order.

In pertinent part, the summary judgment order provides:

1.       The Court
finds that B.Z.B., Inc. has defaulted on the promissory note held by
[appellee], and that the principal amount of $1,459,774.14 is due and owing to
[appellee] plus interest in the amount of 6.5% since the date of default.

2.       The Court
finds that C. Michael Orr has defaulted under the terms of the guarantee
agreement and the amended guarantee agreement and is individually liable to
[appellee] for unpaid principal in the amount of [$]1,459,774.14.

*        *        *

It is ORDERED,
ADJUDGED, and DECREED, that [appellee] have judgment, jointly and severally,
against Defendants, B.Z.B., Inc. and C. Michael Orr, individually as set out
above.  This judgment shall bear interest at the rate of 10% per annum from the
date hereof until paid.

Specifically
missing from the summary judgment rendered by the trial court was the date of
default, and, as a result, the start date for the purpose of computing
pre-judgment interest.

Following the severance, appellants, B.Z.B., Inc. and C.
Michael Orr, filed a motion for new trial, which the trial court denied in a
written order also signed on November 22, 2005.  Appellants then appealed the
judgment.








During the pendency of the appeal, disputes arose over the
judgment and the trial court ordered the parties to mediation in an effort to
resolve the disputes.  At the May 8, 2006 mediation, the parties resolved their
existing disputes and entered into a Settlement Agreement.

Under the terms of the Settlement Agreement, appellants
were required to dismiss their pending appeal, which they did.  In addition,
the parties agreed the final judgment would accrue post-judgment interest at
the rate of 6.5% rather than the 10% found in the summary judgment.  Among
other things, the parties also agreed the Settlement Agreement would be secured
by the now final summary judgment and deeds of trust on three restaurant
properties: the Alvin ABusy Bee,@ the Pearland ABusy Bee,@ including the
lease/purchase of the adjacent parking lot, and the Texas City ACity Café.@  Unlike the Alvin
and Pearland Busy Bee restaurants, the Texas City ACity Café@ was not owned by
either appellant, but instead was owned by 24/7 Grill, LLC, a company
principally owned by Orr=s wife and a non-party to the original
lawsuit.[1]


Following the mediated settlement, BZB sold the Alvin and
Pearland restaurants and paid the $934,237.31 cash received from the sale to
appellee.  In addition, appellants notified appellee they intended to exercise
the option found in the Settlement Agreement to pay the remaining balance
pursuant to a five year installment note.  Disputes then arose regarding (1) 
the amount of prejudgment interest and thus the total amount still owed by
appellants following the sale of the two restaurants; (2) whether both Tract 1
and Tract 2 of the Texas City restaurant were to be used to secure the new
promissory note; and (3) whether a power of sale was to be included in the deed
of trust securing the promissory note.  As a result of this new round of
disputes, appellee, on February 5, 2007, filed a motion to enforce
settlement agreement in the original trial court under the original cause
number.  Following a hearing, the trial court, on April 20, 2007, entered a
hand written order providing:








IT IS ORDERED THAT:

1.       Pursuant
to the Mediation Agreement, post-judgment interest from and after 10/20/05 is
6.5% per annum

2.       Pre-judgment
interest awarded on 10/20/05 is 6.5% of $1,459,774.14 from 4/25/05 through
10/19/05.

3.       10 days
for BZB Inc. and C. M. ORR to execute and deliver a promissory note pursuant to
the Mediated Agreement reflecting the above and all credits and offsets from
and after 10/20/05[.]

4.       10 days
to execute and deliver standard deed of trust on Tracts 1 and 2 by 24/7
Grill LLC securing note (3)[.]

5.       30 days
from date the [sic] bring amounts due current pursuant to the note (3).

6.       All funds
in registry of court released to Clark.

It is
from this order appellants now appeal.

Discussion

A.      Does this
court have jurisdiction to hear this appeal?

Before addressing appellants= issues on appeal,
we address appellee=s contention this court does not have
jurisdiction to hear this appeal because the April 20, 2007 order is not a
final judgment or appealable order.  We disagree.








Initially, appellee asserts the April 20, 2007 order is not
a final judgment because it does not dispose of all parties and issues, does
not contain the words Afinal judgment and appealable,@ and was not
entitled AJudgment.@  The law does not
require that a final judgment be in a particular form.  Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Further, whether a judicial decree
is a final judgment must be determined from its language and the record on
appeal.  Id.  Here, while appellee argues the April 20, 2007 order does
not dispose of all parties and issues, he did not point out, either in his
brief or during oral argument, what issues or parties remain to be resolved in
the severed action.  In addition, our review of the appellate record failed to
disclose any unresolved issues or parties.   Accordingly, the April 20, 2007
order is a final judgment and appealable.

Appellee also appears to argue we do not have jurisdiction
because the April 20, 2007 order is, in appellant=s view, an effort
by the trial court to enforce the original November 2005 judgment and is in the
nature of a turnover order.  Even if the April 20, 2007 order is construed as a
turnover order, we have jurisdiction.  Schultz v. Fifth Judicial Dist. Ct.
of Appeals, 810 S.W.2d 738, 740 (Tex. 1991) abrogated on other grounds
by In re Sheshtawy, 154 S.W.3d 114 (Tex. 2004).

Finally, because we ultimately decide the April 20, 2007
order is void, there is no doubt we have jurisdiction over this appeal.  It is
settled law in Texas that, while it is not necessary to appeal from a void
judgment, an appeal may be taken and the appellate court in such a proceeding
may declare the judgment void.  State ex rel Latty v. Owens, 907 S.W.2d
484, 486 (Tex. 1995), Custom Corporates, Inc. v. Security Storage, Inc.,
207 S.W.3d 835, 837 n. 1 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  Accordingly, we have jurisdiction to hear this appeal.

B.      Is the
April 20, 2007 Order Void?

We turn now to appellants= first issue on
appeal asserting the April 20, 2007 order is void because it was entered
outside the trial court=s plenary jurisdiction.

1.       The
Addition of the Date of Default








Appellants contend the trial court=s finding that the
date of default, and thus the start date for prejudgment interest, was April
25, 2005 constitutes an improper attempt to use a judgment nunc pro tunc to
correct a judicial error in the November 22, 2005 judgment.  We agree.

Under Rule 329b of the Texas Rules of Civil Procedure, a
trial court has plenary power to correct judicial errors in a judgment pursuant
to a motion filed within thirty days after a judgment is signed.  The Rules of
Civil Procedure also provide for the entry of a corrected judgment, or a nunc
pro tunc judgment, after the expiration of a court=s plenary power
has expired.  In re Broussard, 112 S.W.3d 827, 833 (Tex. App.CHouston [14th
Dist.] 2003, orig. proceeding).  The purpose of a judgment nunc pro tunc is to
correct a clerical error in the judgment after the expiration of the trial
court=s plenary power.  Id. 
To be clerical in nature, the error must be one that is not the result of
judicial reasoning, evidence, or determination.  Id.  Conversely, a
judicial error occurs in the rendering rather than the entering of a judgment. 
Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986).  A judicial error
arises from a mistake of law or fact that requires judicial reasoning to
correct.  LaGoye v. Victoria Wood Condominium Assoc., 112 S.W.3d 777,
783 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  The question
whether an error is clerical or judicial is a question of law.  In re
Broussard, 112 S.W.3d 827, 833.  When deciding whether a correction is a
judicial or a clerical error, we look to the judgment actually rendered.  Id. 
A trial court can only correct the entry of a final written judgment that
incorrectly states the judgment actually rendered.  Id.  Even if the
trial court renders judgment incorrectly, it cannot alter a written judgment
that precisely reflects the incorrect rendition.  Id.  If the judgment
entered is the same as the judgment rendered, regardless of whether the
rendition was incorrect, a trial court has no nunc pro tunc power to correct or
modify the entered judgment after its plenary jurisdiction expires.  Escobar,
711 S.W.2d at 232.








  Here, the date of default, and, as a result, the start
date for the purpose of computing pre-judgment interest, was not included in
the trial court=s original November 2005 judgment.  In its
motion to enforce settlement agreement, appellee offered no proof that the
trial court rendered a judgment regarding the accrual date for prejudgment
interest but incorrectly recorded it.  Even though its plenary power had
expired on December 22, 2005,[2]
the trial court, on April 20, 2007, found that the date of default, and thus
the start date for prejudgment interest, was April 25, 2005.  In LeCompte v.
Providian Nat=l Bank, the First Court
of Appeals, addressing similar facts, determined a trial court=s judgment nunc
pro tunc was void because it attempted to add the accrual date for prejudgment
interest outside the trial court=s plenary
jurisdiction.  LeCompte v. Providian Nat=l Bank, No.
01-04-00570-CV, 2005 WL 2615327, at *3 (Tex. App.CHouston [1st
Dist.] Oct. 13, 2005, no pet.) (mem. op.) (citing Escobar, 711 S.W.2d at
231B32).  We agree
with the First Court and hold the April 20, 2007 order, to the extent it adds
the default date, was entered outside the trial court=s plenary power
and is therefore void.

2.       Enforcing
the Settlement Agreement

          We
turn now to the remaining sections of the April 20, 2007 order.  As detailed
above, in the April 20, 2007 order, the trial court construes the terms of the
Settlement Agreement and orders appellants and 24/7 Grill, LLC, a non-party to
the original suit, to perform various actions.  Appellee contends these
sections of the April 20, 2007 order are a proper exercise of the trial court=s authority to
enforce its judgment and are in the nature of a turnover order pursuant to
section 31.002 of the Civil Practice & Remedies Code.  We disagree.








In its April 20, 2007 order, the trial court not only
ordered a non-judgment debtor, 24/7 Grill, LLC, to execute a deed of trust on a
restaurant property and deliver it to appellee, it also addressed the disputes
that had arisen over the parties= obligations under
the Settlement Agreement.  The Texas Turnover Statute is a procedural mechanism
that gives Texas courts the power to satisfy a judgment by reaching the assets
of a judgment debtor that cannot be attached or seized by ordinary legal
process.  In re Hamel, 180 S.W.3d 226, 228B29 (Tex. App.CSan Antonio 2005,
orig. proceeding).  As such, Texas courts do not apply the turnover statute to
non-judgment debtors.  Lozano v. Lozano, 975 S.W.2d 63, 68 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  In addition, the turnover statute cannot be used to
determine a party=s substantive rights or the property
rights of third parties.  Id.  Nor does the turnover statute create a
right in the judgment creditors and debtors to initiate and incorporate in the
proceedings an entirely different lawsuit against a third party who is not a
part of the original judgment.  Kothmann v. Cook, 113 S.W.3d 471, 475
(Tex. App.CAmarillo 2003, no pet.).   Finally, the turnover
statute cannot be used to make an alter ego determination which would subject a
non-judgment debtor to a turnover procedure.  United Bank Metro v. Plains
Overseas Group, Inc., 670 S.W.2d 281, 284 (Tex. Civ. App.CHouston [1st
Dist.] 1983, no writ).  Because the April 20, 2007 order far exceeds the scope
of the turnover statute, we hold it is not a turnover order.

Instead, the April 20, 2007 order is the result of the
trial court=s attempt to resolve the disputes that had arisen over
the interpretation of the Settlement Agreement.  The Supreme Court has
addressed this very issue.  When a dispute arises over a settlement agreement
while the trial court still has jurisdiction over the underlying action, any
claim to enforce the settlement agreement should, if possible, be asserted in
the original court under the original cause number.  Mantas v. The Fifth
Court of Appeals, 925 S.W.2d 656, 658 (Tex. 1996).  However, if the dispute
arises after the trial court=s plenary jurisdiction has expired, the
party seeking to enforce the settlement agreement must file a separate breach
of contract action.  Id. at 658B59.  Because the
trial court=s plenary jurisdiction had expired by the time the
dispute over the terms of the Settlement Agreement arose, it did not have
jurisdiction to address the parties= dispute. 
Accordingly, the remaining sections of the April 20, 2007 order are void.

 

 








Conclusion

Based on the foregoing, we conclude the trial court was
without jurisdiction to enter the entire April 20, 2007 order.  Therefore, the
April 20, 2007 order is declared void and vacated.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion.

Panel consists of
Justices Anderson, Frost and Hudson.[3]

 

 

 

 

 









[1]  This company is also referred to as 24/7 LLC in the
record.





[2]  The trial court=s
plenary jurisdiction expired thirty days after November 22, 2005, the day it
denied appellants= motion for new trial.  Tex. R. Civ. P. 329b(e).





[3]  Senior Justice Harvey Hudson sitting by assignment.