## SHARYLAND WATER SUPPLY CORPORATION, Appellant,

v.

## John ROGERS, Appellee.

### No. 13-89-464-CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 4, 1989.

J.W. Dyer, Mark Schwarz, Jarvis, Schwarz & Kittleman, McAllen, for appellant.

George P. Powell, Hinojosa & Powell, McAllen, for appellee.

## OPINION

PER CURIAM.

Appellant perfected an appeal in the the above cause from a judgment signed on July 18, 1989.[1] A timely motion for new trial was filed on July 20, 1989. An order of severance was signed on October 2, 1989. A motion for new trial was granted on November 9, 1989. The transcript was received in this Court on November 13, 1989.

Upon inspection of the transcript it appeared that the defendant's motion for new trial had been granted, and therefore, it appeared that no final appealable order had been entered by the trial court. Pursuant to Tex.R.App.P. 56(a) and 60(a)(2), this Court notified the parties of the above defect. Appellant was given ten days to cure the defect, if it could be done; otherwise, the appeal would be dismissed. The appellant responded by letter and by filing a motion to abate the appeal.

---

1. Actually, the judgment was signed on June 21, 1989; however, since one of the parties did not receive timely notice of the signing of the judgment, the trial judge properly entered an order pursuant to Tex.R.Civ.P. 306a(5), setting July 18, 1989, as the date upon which the appellate timetables should begin to run.

The issue before this Court is whether the trial court had the power to grant a new trial at the time he did so. The judgment was signed on July 18, 1989. Pursuant to Tex.R.Civ.P. 329b(c) and (e), the trial court's plenary power to modify his judgment extended until October 31, 1989. Within this plenary period, the trial court *modified* its judgment by entering an order of severance as to the claims asserted by Sharyland Water Supply Corporation against John Rogers. Thus, pursuant to Tex.R.Civ.P. 329b(h), since the judgment had been modified, the time for appeal began to run from October 2, 1989, the date on which the modified judgment was signed. Accordingly, the trial court's plenary power over this modified judgment began to run on the date that it was signed. Thus, pursuant to Tex.R.Civ.P. 329b(e), the trial court had the power to grant a new trial until January 15, 1990. The trial court granted a new trial on November 9, 1989; therefore, no final judgment has been entered in this case, and the appeal must be dismissed for want of jurisdiction.

The Court, having considered the transcript and the other documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant's motion to abate the appeal is dismissed, and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.