**Gabriele UVERE, et al., Relators,**

**v.**

**The Honorable Adolph CANALES, Judge, 298th Judicial District Court, Dallas County, Texas, Respondent.**

No. 05–91–01809–CV.

Court of Appeals of Texas, Dallas.

Feb. 6, 1992.

Michael A. Robertson, Denise A. Champion, Grand Prairie, for relators.

Mark Gilbert, Sidney Davis, Jr., Lisa R. Buban, Dallas, for respondent.

Before ENOCH, C.J., and BAKER and THOMAS, JJ.

## OPINION

BAKER, Justice.

In this original proceeding, relators Gabriel and Patience Uvere seek leave to file a petition for writ of mandamus directing the trial court to set aside an order granting a motion for new trial. Relators contend that the trial court signed the order after the court's plenary power over its

judgment expired. We disagree. We deny leave to file.

Gabriel and Patience Uvere sued real-party-in-interest Angela Christine Manos for damages resulting from an automobile accident. Manos did not answer the suit. The trial court orally awarded the Uveres a judgment at a hearing on May 30, 1991. After this hearing, Manos filed an answer. The court signed a written judgment on July 23, 1991. Manos filed a timely motion for new trial. The trial court overruled the motion by written order signed September 11, 1991.

On October 8, 1991, the trial court signed a "Nunc Pro Tunc Default Judgment Against Angela Christine Manos." This judgment changed the July 23rd judgment by adding recitations of proper service of citation on Manos and that she was in default. Manos filed a second motion for new trial on October 29, 1991. On November 7, 1991, the trial court granted this motion for new trial and set aside the default judgments signed July 23, 1991, and October 8, 1991.

The Uveres seek a writ of mandamus requiring the trial court to set aside the November 7, 1991 order granting a new trial. The Uveres argue that the trial court signed the November 7, 1991 order after its plenary power had expired and that the November 7, 1991 order is void. The Uveres reason that the October 8th judgment was a nunc pro tunc judgment and did not affect the trial court's plenary jurisdiction. They contend jurisdiction expired on October 11, thirty days after the trial court overruled Manos's motion for new trial.

### I. THE CHARACTER OF THE OCTOBER 8, 1991 JUDGMENT

■ A court may correct a clerical error in a judgment by judgment nunc pro tunc. *See Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). A clerical error occurs when the written judgment fails to accurately reflect the judgment rendered. *See Wallace v. Rogers*, 517 S.W.2d 301, 303 (Tex.Civ.App.—Dallas 1974, writ ref'd

n.r.e.). In contrast, a judicial error is one made by the court in rendering judgment. *Wallace*, 517 S.W.2d at 303. The trial court may use a judgment nunc pro tunc to correct a judgment that incorrectly reflects the judgment rendered but not to correct an error in rendition. *See Escobar*, 711 S.W.2d at 231–32.

■ Before rendering a default judgment, a trial court must determine: (1) the court has jurisdiction of the subject matter and parties, and (2) the case is ripe for judgment. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968). These determinations are judicial rather than clerical. A judgment nunc pro tunc cannot correct recitations of service and default. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 406 (Tex.1971); *Finlay*, 435 S.W.2d at 139. In this case, the trial court's October 8th judgment added recitations, omitted from its original July 23rd judgment, of proper service on Manos and of her default. At the hearing leading up to its original judgment, the trial court made no oral findings of service of citation and default. The record does not show that, before it signed its original judgment, the trial court orally pronounced or otherwise rendered a judgment containing these findings. When the court added the recitations about citation and default in the October 8th judgment, the trial court made a judicial rather than a clerical correction to its judgment. *Lone Star Cement Corp.*, 467 S.W.2d at 406; *Finlay*, 435 S.W.2d at 139; *see also Smith v. State*, 450 S.W.2d 393 (Tex.Civ.App.—Austin 1970, no writ).

### II. EFFECT OF OCTOBER 8TH JUDGMENT ON PLENARY JURISDICTION

Rule 329b of the Texas Rules of Civil Procedure governs the trial court's plenary jurisdiction over its judgment. That rule provides, in pertinent part:

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct or reform the judgment within thirty days after the judgment is signed.

744

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX.R.CIV.P. 329b(d), (e). The trial court has plenary power over its judgment for at least thirty days after signing it and longer after the filing of a timely motion for new trial. Like the trial court's plenary power, the calculation of time for perfecting an appeal is from the date of the signing of the judgment. *See* TEX.R.APP.P. 41(a). The rules expressly provide that upon modification or correction of a judgment in any respect, the time for perfecting an appeal runs from the date of the signing of the new judgment. TEX.R.CIV.P. 329b(h). The rules contain no similar provision that expressly addresses the effect of a modified or corrected judgment on the trial court's plenary jurisdiction.

Here, the trial court signed the October 8th judgment within thirty days of its order overruling Manos's timely motion for new trial. The trial court signed the October 8th judgment during the court's plenary jurisdiction over its July 23rd judgment. The October 8th judgment was effective as an amended or corrected judgment. *Mathes v. Kelton*, 569 S.W.2d 876, 878 n. 1 (Tex.1978). We hold the October 8th judgment became "the judgment" within the meaning of sections (d) and (e) of rule 329b. The trial court's plenary jurisdiction started anew with its signing of the October 8th judgment. *See Sharyland Water Supply Corporation v. Rogers*, 783 S.W.2d 213, 214 (Tex.App.—Corpus Christi 1990, no writ); *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 933 n. 1 (Tex. App.—Austin 1987, no writ). The trial court had plenary jurisdiction over its judgment on November 7, 1991. The November 7th order vacating the earlier judgments and granting Manos a new trial is not void.

We deny the Uveres' motion for leave to file petition for writ of mandamus.