**AFFIRM; and Opinion Filed July 2, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00535-CV

### MORTON RUDBERG, APPELLANT
### V.
### N.B.P. AND N.P.P., APPELLEES

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF11-14718**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

Attorney Morton Rudberg, pro se, intervened in a divorce proceeding/suit affecting the parent-child relationship to recover attorney's fees he alleged were owed to him by Wife when he initially represented her. The trial court awarded appellant $1,508.50 on his claim for $26,612. Appellant, pro se, raises seven issues challenging the court's judgment. While this appeal was pending, the Court was notified of appellant's passing and of substitute counsel. *See* TEX. R. APP. P. 7.1(a). Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), .4. For the following reasons, we affirm the judgment of the trial court.

### BACKGROUND

Appellant's petition in intervention sought attorney's fees on multiple grounds, including a suit on a sworn account, against Husband and Wife. Husband and Wife jointly moved to sever

the intervention from the divorce proceeding and an associate judge granted the motion to sever. Appellant appealed the severance ruling to the district court and the appeal was heard on the date set for trial of the divorce proceeding. On that date, the parties made their respective arguments about why the associate judge's severance order should or should not be adopted. Husband and Wife also announced that they had reached a settlement in the divorce proceeding. Husband advised the trial court that as part of the settlement, in exchange for Wife "having given up some property," he agreed to pay the amount of attorney's fees ultimately awarded to appellant in his petition in intervention. Upon learning that, appellant asked the trial court to reserve ruling on his appeal of the severance ruling until he presented evidence in his intervention for attorney's fees. The court agreed.

Appellant called Wife as a witness, began questioning her about his representation, and then stopped. He argued to the court that he was entitled to judgment on his suit on a sworn account because rule 185 required Wife to file a verified denial of his claim and she filed only a general denial. After a brief discussion about Wife's failure to file a verified answer, the court and parties had an off-the-record discussion. When the record resumed, appellant did not ask Wife any other questions and passed her as a witness. Then he called himself as a witness and testified about the reasonableness and necessity of his fees. At the end of the presentation of evidence, the trial court orally vacated the associate judge's order of severance. The court also made the following oral pronouncements with respect to appellant's petition in intervention for attorney's fees:

> With regard to the award of attorney fees the Court makes the following findings:
>
> That on – as of April 30, 2012, the intervenor's attorney fee balance submitted for the – to the Associate Judge for findings was $27,807.85, of which . . . the Associate Judge ordered a payment of $11,000.00, leaving – that was reasonable and necessary.

–2–

Those findings were not – or that matter was not appealed and therefore the Court makes a finding that the $16,807.85 was not reasonable and necessary.

The Court further finds that as of August the 14th, 2012, relative to the *Motion to Compel* that the intervenor had attorney fees of $10,606.65 and the intervenor did not prevail at that hearing.

. . .

Those fees, the Court finds not due in [sic] owing and they are not reasonable and necessary.

As of November 14th, 2012, there was a balance of $28,923.00 showing, less the $16,807.00 that were found not to be reasonable and necessary, leaves a balance of $12,115.15, less the $10,606.65 regarding the *Motion to Compel* and services associated with the same, leaves a balance of $1,508.50, which the Court finds reasonable and necessary and awards such fees to the intervenor to be paid pursuant to the mediated settlement agreement.

Husband and Wife then proved up the divorce, and the trial court signed an agreed decree of divorce on that same date. The agreed decree, however, did not reflect that appellant appeared or that his petition in intervention was heard that day. Instead, it stated that "[t]he attorneys' fees and costs sought by the Intervenor, Morton Rudberg, will be heard in a separate lawsuit." The agreed decree did not award appellant any fees. In a schedule of Husband's liabilities attached to the agreed decree, the trial court interlineated item 8 as follows:

*$1,508.50 in* *in court on February 28, 2013*

8. a~~A~~dditional attorneys' fees, ~~if any~~, awarded to Morton Rudberg ∧ in addition to the attorneys' fees that have already been paid to Morton Rudberg.

Appellant timely requested findings of fact and conclusions of law and timely filed a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296, 297. The trial court did not respond.

On April 18, 2013, Husband and Wife filed a joint motion for "judgment nunc pro tunc/clarification of court's ruling" in which they asked that the agreed decree of divorce be amended to reflect that appellant appeared on February 28, 2013, that his petition in intervention was heard on that date, that the trial court awarded him relief in the amount of $1,508.50 on his

–3–

petition in intervention, that the trial court ordered appellant to be paid in accordance with the settlement agreement, and that the trial court vacated the associate judge's order granting a severance. On June 6, 2013, the trial court signed an agreed decree of divorce that had been amended pursuant to Husband and Wife's joint motion.

In seven issues, appellant challenges the trial court's failure to apply rule 185 and render judgment in his favor against Wife, the bases for and the sufficiency of the evidence supporting the trial court's ruling, and the trial court's failure to file findings of fact and conclusions of law. Husband filed a responsive brief on appeal; Wife did not.

## DISCUSSION

We first must address which judgment is before the Court—the agreed decree of divorce signed on February 28, 2013, or the one signed on June 6, 2013. A timely filed postjudgment motion seeking to make a substantive change in the judgment will extend the trial court's plenary power. TEX. R. CIV. P. 329b(e), (g); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). In this case, however, no party filed a timely postjudgment motion seeking a substantive change in the judgment. Appellant timely filed a request for findings of fact and conclusions of law, but that request extended only the appellate deadline, not the trial court's plenary power. *HSBC Bank USA v. Watson*, 377 S.W.3d 766, 772 (Tex. App.—Dallas 2012, pet. dism'd); *Munir Bata, L.L.C. v. Vestal*, No. 05-10-00346-CV, 2010 WL 2367509, at *1 n.1 (Tex. App.—Dallas June 15, 2010, pet. denied) (mem. op.). Consequently, the trial court's plenary power expired thirty days after the judgment was signed, or April 1, 2013, and the trial court did not have plenary power when it signed the June 6, 2013 agreed decree.

But that does not end our inquiry. A trial court may correct a clerical error made in entering final judgment even after its plenary power has expired. TEX. R. CIV. P. 316, 329b(f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). A clerical error occurs when the written

–4–

judgment fails to accurately reflect the judgment rendered. *Andrews v. Koch*, 702 S.W.2d 584, 585–86 (Tex. 1986) (per curiam); *Uvere v. Canales*, 825 S.W.2d 741, 743 (Tex. App.—Dallas 1992, orig. proceeding). A judicial error, by contrast, is one made by the court in rendering judgment and involves judicial reasoning. *Andrews*, 702 S.W.2d at 585 (involves judicial reasoning); *Uvere*, 825 S.W.2d at 743 (made in rendering judgment). A trial court may use a judgment nunc pro tunc to correct a judgment that incorrectly reflects the judgment rendered, but not to correct an error in rendition. *Escobar*, 711 S.W.2d at 231–32.

When deciding whether an error in the judgment is a judicial or clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered. *Escobar*, 711 S.W.2d at 232. A judgment is rendered when the trial court's decision is officially announced, either orally in open court or by signed memorandum. *Reese v. Piperi*, 534 S.W.2d 329, 330–31 (Tex. 1976). Whether an error is judicial or clerical is a question of law. *Escobar*, 711 S.W.2d at 232. However, whether the court pronounced judgment orally and the terms of the pronouncement are questions of fact. *Id*.

The record on appeal contains the transcript of the February 28, 2013 proceedings. At the conclusion of the proceedings, the trial court orally pronounced its rulings in the intervention. *See Andrews*, 702 S.W.2d at 586. But the agreed decree of divorce signed on February 28, 2013, did not reflect these oral pronouncements of the court's decision, and, consequently, inaccurately reflected the rendition of judgment. *See id*. Pursuant to rules 316 and 329b(f), the trial court had authority to correct these clerical errors in the entry of judgment to make the written judgment accurately reflect the judgment rendered in open court. *See id*. Accordingly, we conclude that the June 6, 2013 agreed decree of divorce was a judgment nunc pro tunc. We now consider appellant's issues.

## Sworn Account

In issue one, appellant argues that the trial court erred when it did not render judgment for him against Wife on his suit on a sworn account. He argues that because Wife failed to file a verified denial, she waived the right to dispute the amount of his claim and may not dispute the receipt of services or the correctness of the charges or claim. We review this issue under the de novo standard of review because a trial court has no discretion in determining the law or how to apply the law. *See Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). It is within our province to determine, as a matter of law, whether the pleadings are sufficient on their face to constitute a sworn account. *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.).

Rule 185 states that a suit on a sworn account is prima facie evidence of the claim if the claim is based on a written contract "on which a systematic record has been kept, and is supported by the affidavit of the party . . . to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed . . . ." TEX. R. CIV. P. 185. The rule requires the party opposing the claim to file a verified denial of the account. *Id*. If the party does not, she "shall not be permitted to deny the claim, or any item therein . . . ." *Id*.

Appellant's petition in intervention alleged that he had a written contract with Wife to provide legal services to her, she accepted those legal services, he kept a systematic record in the ordinary course of business, and he demanded payment but had not been paid. He attached his affidavit to the petition stating that the matter was within his "knowledge just and true, the claim is due, and that all just and lawful offsets, payments, and credits have been allowed." He also attached to his petition a copy of the contract and the statements he sent to Wife from September 2011 to August 2012. The statements were addressed to Wife, described the legal services

rendered, the date those services were rendered, the amount of time spent on each service, a total amount due on each statement, a credit for payments received, and a running balance from previous unpaid statements. The total balance due through the last statement was $37,612.

It is undisputed that Wife did not file a verified denial. Consequently, if appellant's petition strictly complied with the requirements of rule 185, Wife was precluded from denying the claim or any item in it. *See id.*; *see also Panditi*, 180 S.W.3d at 927. But if appellant's petition did not strictly comply with rule 185, then Wife was not required to file a verified denial. *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99, 101 (Tex. Civ. App.—Dallas 1975, no writ). Regardless, Husband was not required to file a verified denial because he did not have an account with appellant and did not agree to pay appellant for representing Wife. *Tedder v. Gardner Aldrich, LLP*, 421 S.W.3d 651, 654–55 (Tex. 2013).

Appellant argues on appeal that the trial court "was well aware" of rule 185 and the law regarding a suit on a sworn account and "failed to award judgment against [Wife] for $26,612." He asks this Court to reverse the judgment and render judgment in his favor against Wife "in that sum[.]" But "that sum"—$26,612—is $11,000 less than the amount he sued for in his petition in intervention. Appellant explained the dollar difference in his appellate brief as follows: "this is the sum for which [he] sued following credit for the $11,000 paid per the Associate Judge's ruling on interim attorney's fees[.]"

The record shows that four days after appellant filed his petition in intervention, the associate judge ruled on his earlier request for interim attorney's fees and ordered Husband to pay appellant $11,000 on behalf of Wife. Appellant agrees that Husband paid the $11,000. However, appellant did not account for the $11,000 payment in his suit on a sworn account and, instead, seeks an amount that is $11,000 less than what he alleged in his suit on a sworn account. A suit on a sworn account must be pleaded properly and in strict compliance with the

requirements of rule 185. *Panditi*, 180 S.W.3d at 926–27. We conclude that appellant's suit on a sworn account did not comply strictly with the requirements of rule 185 because it did not allow "all just and lawful . . . payments and credits[.]" *See Howard v. Weisberg*, 583 S.W.2d 920, 922 (Tex. Civ. App.—Dallas 1979, no writ). Consequently, Wife was not required to file a verified denial, and the trial court did not err by denying him a judgment against Wife on his suit on a sworn account. *See* TEX. R. CIV. P. 185. We resolve issue one against appellant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

We next turn to issue seven in which appellant contends that the trial court committed reversible error by failing to file findings of fact and conclusions of law after his timely request and notice of past due findings and conclusions. He argues that we must presume harm because the appellate record does not affirmatively show he suffered no harm. Husband contends that appellant was not harmed because we may imply from the trial court's oral pronouncements that the court denied appellant's suit on a sworn account.

When a party makes a timely request for findings of fact and conclusions of law under rule 296 following a bench trial, rule 297 imposes a mandatory duty on the trial court to file findings and conclusions. *See* TEX. R. CIV. P. 296, 297; *see also Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). A trial court's failure to comply with its mandatory duty is presumed harmful unless the appellate record affirmatively shows that the complaining party suffered no harm. *Cherne Indus.*, 763 S.W.2d at 772. The general rule is that an appellant has been harmed if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him. *R.H. v. Smith*, 339 S.W.3d 756, 766 (Tex. App.—Dallas 2011, no pet.).

In his briefing to this Court, appellant does not argue that he had to guess at the reason the trial court ruled against him or how the court's failure to make findings and conclusions

affected his ability to present his argument to this Court. *Id*. He merely argues generally that the trial court was required to make findings and conclusions and, because it did not, we must reverse. *Id*. We conclude that the record affirmatively shows appellant did not suffer any injury by reason of the trial court's failure to make findings and conclusions. We have a complete record of the bench trial and the trial court made detailed oral findings on the record. *See id*. Appellant has not pointed out, and we do not see, that he had to guess at the basis for the court's ruling or was prevented from properly presenting his case to this Court. *See id*. We resolve issue seven against appellant.

## ATTORNEY'S FEES AWARD

In issues two and three, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's judgment awarding him $1,508.50 on his claim for $26,612 in attorney's fees. He argues that he presented testimony that his fees were reasonable and necessary and that Husband and Wife did not offer "any competent contrary evidence." In related issues four and five, appellant argues that the trial court erred by concluding that any fees in excess of the $11,000 awarded by the associate judge were "*ipso facto* not reasonable and/or for unnecessary services" and that fees incurred for presenting, unsuccessfully, a motion to compel discovery were "*ipso facto* not reasonable and/or unnecessary services." We construe these issues to challenge the trial court's decision regarding the reasonableness and necessity of appellant's fees.

A trial court has discretion to award attorney's fees in a suit affecting the parent-child relationship. TEX. FAM. CODE ANN. § 106.002 (West 2014); *In re K.J.D.*, 299 S.W.3d 517, 518 (Tex. App.—Dallas 2009, no pet.). A court also may apportion attorney's fees in a divorce action as part of a just and right division of property. *Simpson v. Simpson*, 727 S.W.2d 662 (Tex. App.—Dallas 1987, no writ). A trial court abuses its discretion when it acts arbitrarily or

unreasonably, or without any reference to guiding rules and principles. *In re Marriage of C.A.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.). In family law cases, legal and factual sufficiency challenges are not independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *Id*. at 383. To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support its decision, we consider whether the trial court had sufficient evidence upon which to exercise its discretion and erred in its application of that discretion. *Id*.

A request for reasonable attorney's fees should be supported by testimony about the hours spent on the case, the nature of preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates. *Id*. at 387 (quoting *Hardin v. Hardin*, 161 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). But it is not necessary for the trial court to hear evidence on each factor. *Id*. The trial court may "'look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties.'" *Id*. (quoting *Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex. App.—Amarillo 2002, no pet.)).

The evidence showed that appellant charged $275 per hour and billed over 180 hours. Appellant testified that his fees were reasonable and necessary for the type of case. The evidence also showed, however, that appellant did not have to file any motions for temporary orders regarding child custody, child support, or spousal support because Husband and Wife had reached an agreement on these matters on their own. Husband offered a summary of appellant's charges showing that appellant spent 4.5 hours or $1,237.50 in fees on issues related to the SAPCR, and 177.7 hours or $51,887 in fees on non-SAPCR related issues. At the time Wife terminated his services, appellant had been paid approximately $25,000 for his representation of Wife.

The evidence also showed that Wife told appellant at the beginning of his representation that she did not want him to conduct any discovery because she and Husband had very little community property and were trying "to work it out." But appellant said he began working "right away" on discovery matters trying to "create a community estate." He said Wife "finally relented and let me start conventional discovery[.]" Wife said she felt "like I gave in" to appellant's request to conduct discovery. Appellant also testified that he did "very detailed preparation" for multiple depositions in the case, but only noticed one deposition and did not take any depositions.

The evidence also showed that due to Wife's initiative, she and Husband ultimately reached a settlement of the divorce issues. Soon thereafter, Wife retained new counsel because, among other reasons, she said "there was no progression of this case. Money was just flying out the door, money that I didn't have."

In awarding appellant $1,508.50, the trial court found that appellant had requested $27,807.85 in fees in April 2012 from the associate judge, that the associate judge ordered Husband to pay $11,000 as reasonable and necessary fees to appellant on behalf of Wife, that appellant did not appeal that ruling, and, as a result, the $16,807.85 remaining fees were not reasonable and necessary. Appellant contends that the fees he sought from the associate judge were $18,130.26, not $27,807.85, but he did not raise this argument below, and there is no evidence in the record to support his contention that he asked for only $18,130.26.

The court also found that appellant had charged $10,606.65 on an unsuccessful motion to compel production of documents and that those fees were not reasonable and necessary. The evidence showed that appellant filed a motion to compel disclosure of documents from a trust in which Husband was a beneficiary and did not have a present possessory interest. An associate judge found that the 2,590 pages of documents already produced by Husband and the

approximately 270 pages of documents already produced by the trustee satisfied Wife's request for production and denied Wife's motion to compel. The associate judge also found that under the circumstances of this case the trustee was a necessary party, but appellant had not named the trustee as a party.

In summary, the trial court heard evidence that appellant was not required to file any motions for temporary orders regarding child custody, child support, or spousal support because Husband and Wife had reached agreement on these issues on their own; that Wife initiated a conversation with Husband that ultimately resulted in a settlement of the case without assistance from appellant; that Husband and Wife had very little community property; that appellant conducted discovery despite having been told by Wife not to do so and attempted to "create a community estate"; that appellant unsuccessfully moved to compel production of documents from third parties; that appellant spent a fraction of his time on issues important to the SAPCR; and that appellant had already been paid $25,000 if not more for services rendered in the case. Based on this record, we cannot conclude that the trial court abused its discretion by reducing appellant's award of attorney's fees to $1,508.50. *See* TEX. FAM. CODE ANN. § 106.002; *In re C.A.S.*, 405 S.W.3d at 387. We resolve issues two, three, four, and five against appellant.

### JUDGMENT ON PETITION IN INTERVENTION

In issue six, appellant argues that the trial court reversibly erred by failing to enter a judgment against either Husband or Wife on his petition for intervention. He contends that the trial court merely "interlineated in the divorce decree in the section relating to [Husband]'s obligations that he was to pay Morton Rudberg the $1,508.50." We disagree. In addition to the interlineation to which appellant refers, the agreed decree of divorce also states on page 49 in relevant part:

–12–

IT IS FURTHER ORDERED that Intervenor-Plaintiff, Morton Rudberg, is awarded $1,508.50 in attorney's fees assessed against [Husband]. The Court finds that the award of attorney's fees to Intervenor-Plaintiff, Morton Rudberg, are reasonable and necessary. SO ORDERED.

We resolve issue six against appellant.

## CONCLUSION

We affirm the judgment of the trial court.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130535F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MORTON RUDBERG, Appellant

No. 05-13-00535-CV     V.

NATHAN BRIGHT PETTY AND
NOELLE PATRICE PETTY, Appellees

On Appeal from the 330th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF11-14718.
Opinion delivered by Justice Lang-Miers,
Justices Myers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Nathan Bright Petty and Noelle Patrice Petty recover their costs of this appeal from appellant Morton Rudberg.

Judgment entered this 2nd day of July, 2014.