**Opinion filed March 31, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00084-CV

_____

## ROY E. KIMSEY, JR., INDIVIDUALLY, AND ENERGROWTH, INC., Appellants

## V.

## LAW OFFICES OF BILL ALEXANDER, P.C., Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. CC-14,392**

## M E M O R A N D U M   O P I N I O N

This is an appeal from proceedings culminating in the trial court's entry of a judgment nunc pro tunc. Because we believe that the entry of the judgment nunc pro tunc was improper, we set aside the order by which the trial court ordered its entry, and we reverse and render judgment that the nunc pro tunc judgment is void.

Roy E. Kimsey, Jr., individually, and Energrowth, Inc., Appellants, bring two issues to us in this appeal. The gist of the two issues is that the trial court

erred when it entered the judgment nunc pro tunc because, by it, the trial court attempted to correct a judicial error as opposed to a clerical error. We will consider the issues together.[1]

Appellee, the Law Offices of Bill Alexander, P.C., sued Appellants to recover unpaid attorney's fees incurred by Kimsey in connection with a domestic matter. The lawsuit was based upon a contract and note between Appellee and Kimsey, as well as a deed of trust and assignments of certain royalty payments. Payment was guaranteed by Energrowth.

Appellants answered the lawsuit and asserted that Appellee's claim was barred by limitations. Appellants also made that assertion in motions for summary judgment.

After it heard Appellants' motions for summary judgment, the trial court agreed that the claims were barred by limitations. A record was made of the summary judgment proceedings. That record reflects that, after the trial court ruled that the claim was limitations barred, it addressed the issue of which party was entitled to production payments that were being held in suspense. The trial court told the parties:

> Now as to the amount -- let me go ahead and add this caveat to this. As to amounts, it appears to me that the last possible date this suit could have been brought was in December of 2005. So any amounts in suspense after that date, I think, would be -- and I'm not sure when -- if that suspense didn't start until 2007 or when it started.

---

[1]Appellee asserts that Appellants have failed to properly brief their issues under Rule 38.1 of the Texas Rules of Appellate Procedure and have therefore waived them. TEX. R. APP. P. 38.1. We agree that Appellants have failed to meet the requirements of Rule 38.1 in that they have included no record references either in their statement of the case or in their statement of facts. Further, we have not been able to find where Appellants have included an appendix with their brief. *See* TEX. R. APP. P. 38.1(d), (g), (k). Because we are to construe appellate briefs reasonably, yet liberally, and because Appellants have otherwise adequately briefed their issues, we will consider them. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (briefs to be construed reasonably, yet liberally, so that right to appellate review is not lost).

But if it's after December the 26th of 2001, I think that amount should be the property of Mr. Kimsey.

The trial court concluded, "That will be my ruling. You can get me a judgment." Appellants' counsel responded, "Your Honor, we will get a copy of the court reporter's notes, so the order can track your --."

Later, the trial court signed and entered an undated judgment, and the clerk of the trial court filed it on July 27, 2012. That judgment contained the following language:

> The Court further finds that the last possible date this suit could have been brought was December of 2005 and therefore ORDERS, ADJUDGES and DECREES that ALL monies currently held in suspense or paid by Heritage Resources, Inc. and its successor Heritage Standard Corporation after December 26, 2001 are the property of ROY E. KIMSEY, JR.

After the trial court lost its plenary power, Appellee filed a motion for judgment nunc pro tunc. Although we do not have record of it, the trial court conducted a hearing on the motion on November 19, 2012. In the order in which the trial court granted Appellee's motion, it found that the original written judgment "does not conform to the Court's intention in its oral rendition of judgment as reflected in the Reporter's Record from the May 2, 2012 summary judgment hearing." Therefore, the trial court found that the portion of the judgment that we have set forth above should be corrected so that it would read:

> The Court further finds that the last possible date this suit could have been brought was December of 2005 and therefore ORDERS, ADJUDGES and DECREES that all monies currently held in suspense by Heritage Resources, Inc. and its successor Heritage Standard Corporation and which were placed in suspense after December 26, 2005 are the property of ROY E. KIMSEY, JR.

On December 28, 2012, the trial court entered a judgment nunc pro tunc that contained the new paragraph and that also reflected the date of July 25, 2012, as

3

the date that the original judgment was signed. No complaint is made as to insertion of the date of the entry of the original judgment.

On appeal, Appellants take the position, in two issues, that the error that the trial court sought to correct was a judicial one and that, because it was a judicial error, as opposed to a clerical one, the trial court abused its discretion when it entered the December 28 judgment nunc pro tunc. The question for us, then, is whether the trial court corrected a clerical error or a judicial one.

A trial court has plenary power to "grant a new trial or to vacate, modify, correct, or reform [a] judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d). Clerical errors in the entry of judgment may be corrected by a trial court after its plenary power has expired. TEX. R. CIV. P. 316, 329b(f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). A clerical error is one that results when the written judgment fails to accurately reflect the judgment that was rendered. *Andrews v. Koch*, 702 S.W.2d 584, 585–86 (Tex. 1986). A judgment is rendered at the time that the trial court officially announces its decision either orally or in open court or by a signed memorandum. *Reese v. Piperi*, 534 S.W.2d 329, 330–31 (Tex. 1976).

On the other hand, although a trial court may use a judgment nunc pro tunc to correct a clerical error, it may not use that vehicle to correct a judicial error. *Escobar*, 711 S.W.2d at 231–32. A judicial error is one made by a trial court in rendering judgment and involves judicial reasoning or determination. *Andrews*, 702 S.W.2d at 585; *Uvere v. Canales*, 825 S.W.2d 741, 743 (Tex. App.—Dallas 1992, no pet.). As opposed to an error in the *entry* of judgment in the record (a clerical error), a judicial error occurs in the *rendition* of judgment. *Hernandez v. Lopez*, 288 S.W.3d 180, 184–85 (Tex. App.—Houston [1st Dist.] 2009, no pet.). When we decide whether the error sought to be corrected is clerical or judicial, we

4

look to the judgment actually rendered, not one that the trial court either should or might have rendered. *Escobar*, 711 S.W.2d at 232.

We agree with Appellee that the trial court rendered its judgment in open court at the conclusion of the summary judgment hearing. The judgment that was rendered at that time provided that Kimsey was entitled to any amounts in suspense "after December the 26th of 2001." Although the trial court indicated that it was "not sure when -- if that suspense didn't start until 2007 or when it started," it also announced that "if it's after December the 26th of 2001, I think that amount should be the property of Mr. Kimsey." Appellee quite correctly points out that the trial court then said, "But, of course, I'm not authorizing any withdrawal of that until after the appeal period has run or whatever, a final judgment." As we have said, the trial court then stated, "That will be my ruling." And, again, as Appellee correctly points out, neither in the oral rendition nor in the subsequent original judgment was Appellee ordered to pay any money to Kimsey. The original judgment that was entered later was in accordance with the oral pronouncement.

After the trial court conducted a hearing on Appellee's motion for judgment nunc pro tunc, it changed the judgment to provide that Kimsey was only entitled to monies that were placed in suspense after December 26, 2005. That change resulted in a four-year difference in the period of time during which Kimsey was entitled to the money held in suspense.

After the trial court heard Appellee's motion for judgment nunc pro tunc, it found that the original judgment did "not conform to the Court's intention in its oral rendition of judgment as reflected in the" record of the summary judgment hearing. Nevertheless, when an entered judgment correctly states the decision of the trial court, entry of judgment nunc pro tunc is not justified on the basis that the judgment did not correctly reflect the trial court's true intent. *Shelby v. Shelby*, 517 S.W.2d 696, 698 (Tex. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). "Even

an unintended rendition of judgment does not constitute an error in the entry or recording of the judgment." *H.E. Butt Grocery Co. v. Pais*, 955 S.W.2d 384, 388 (Tex. App.—San Antonio 1997, no pet.). We are of the opinion that our analysis would not change if we were to hold that rendition did not occur until the court signed the original judgment; the error sought to be corrected would still be a legal, not clerical, one. Neither do we believe that the trial court's failure to order Appellee to pay money affects our analysis. The fact remains that, by its oral rendition, the trial court determined that Kimsey was entitled to payments in suspense after December 26, 2001.

The original judgment entered in this case correctly reflected the trial court's oral rendition of judgment following the summary judgment hearing. Appellee filed neither a motion for new trial nor an appeal from that judgment. Because the original judgment that the trial court rendered correctly reflected the trial court's oral rendition, even if incorrectly rendered, the trial court could not alter the judicial error by judgment nunc pro tunc. We sustain Appellants' first and second issues on appeal.

We set aside the order of the trial court in which it granted Appellee's motion for judgment nunc pro tunc and render judgment that the nunc pro tunc judgment entered on December 28, 2012, is void. *See Hernandez*, 288 S.W.3d at 185.

JIM R. WRIGHT
CHIEF JUSTICE

March 31, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.